FILED IN
COURT OF APPEALS

SEP 2 4 2015

LISA MATZ
CLERK, 5th DISTRICT

Court Of Appeals
Fifth District Of Texas
At Dallas

Appeal No. 05-15-01169-CV

Trial Case No. DC-09-13818-J

In Re: Lakeith Amir-Sharif,

Relator

Petition For Writ Of Mandamus

From the 191st District Court of Dallas County, Texas. Honorable Gena Slaughter, Presiding Judge

# Identity of Parties

**Relator:** Mr. Lakeith Amir-Sharif
Ramsey II Prison Unit 1200 Fm 655
Rosharon, Texas 77583-8602
Phone (281) 595-3443


**Respondent:** 191st District Court of Dallas, Texas
and Judge Gena Slaughter
George Allen Senior Courthouse 600 Commerce
Street, Dallas, Texas 75202-4606
Phone (214) 653-6609

**Real Party In Interest:**

Quik Trip Corporation and Chester Cadieux III
c/o The Fowler Group
2215 Westgate Plaza, Grapevine, Texas 76051
Phone (214) 999-0550

(1)

# Table Of Contents

| | Page |
|---|---|
| Identity Of Parties | 01 |
| Index of Authorities | 03-04 |
| Introduction | 05 |
| Statement of The Case | 06-08 |
| Statement of Jurisdiction | 08 |
| Issue Presented | 09 |
| Statement Of Facts | 10-14 |
| Argument And Authorities | 14-18 |
| Prayer | 19 |
| Certification | 19-20 |
| Certificate of Service | 20-21 |
| Appendix | 21-27 |

# Index Of Authorities

## Cases

BARNES vs. State, 832 S.W.2d 424 (Tex.App.-Houston 1992)... 18

Crouch vs. Shields, 385 S.W.2d 580(Tex. App.-Dallas 1964)... 15

Eli Lilly & Co. vs. Marshall, 829 S.W.2d 157(Tex. 1992)... 9, 15

In re: Amir-Sharif, 357 S.W.3d 180(Tex. App.-Dallas 2010)... 9, 15

In re: Prudential Ins. Co., 148 S.W.3d 124 (Tex. 2004)... 18

Walker vs. Packer, 827 S.W.2d 833 (Tex. 1992)... 18

(3.)

# Constitutions

United States Constitutional Amendments 1st, 5th, 9th And 14th ... 8, 9, 17

Texas Constitution Article I, Sections 3, 3A, 13, 19, 27 & 29 ... 8, 9, 17

Texas Constitution Article V, Section 6(A) ... 8

# Statutes

Texas Government Code § 22. 221(A) ... 8

# Rules of Court

Texas Rules of Civil Procedure, 194 ... 11

Texas Rules of Appellate Procedure 52.3 ... 19, 21, 22, 23, 24, 25, 26, And 27

Dallas Local Civil Rules 2.07 ... 13, 14, 16

# Others

Texas Department of Criminal Justice (TDCJ)

(a.) Board Policy / BP-03.81 ... 13

(b.) Access To Courts Policy - 170 ... 12, 17

(4.)

To The Justices Of This Court:

Relator Lakeith Amir-Sharif, files this petition for writ of mandamus for the purpose of compelling the 191st District Court of Dallas County and the presiding judge Gena Slaughter to fulfill their ministerial duties by conducting a hearing, and at said hearing consider and render decisions on the Relator's properly pending motions which have all been brought to the attention of the trial court. Relator has no adequate appellate remedy and a reasonable amount of time has elapsed without the Respondents taking any actions of Relator's motions. (See: Appendix, Exhibit No. 01)

(5.)

# Statement of The Case

The factual and procedural background of the underlying case is fairly known to this Court as a result of its rulings in Appeal Cases Number 05-09-01497-CV; 05-12-01143-CV, and 05-14-01514. Therefore, I shall try not to belabor this Court regarding such matters here.

This is a slip and fall case filed on October 02, 2009. Twice this Court of Appeals has Remanded the case back to the trial court. Since the second Remand on November 25, 2013, Judge M. Lowy Recused himself and the case was transferred to the 44th District Court of Judge Carlos Cortez. Then on June 06, 2014, Judge Cortez recused himself and the case was transferred to the 191st District Court of Judge Gena Slaughter (hereinafter referred to as the "Respondent").

(6.)

On July 08, 2014, the Respondent consolidated two lawsuits Relator had filed against Quik Trip Corporation and Chester Cadieux III to try and recover his costs of appeals which had been ordered by this Court in the Reversal; Remands on April 13, 2011, and November 25, 2013.

On September 19, 2014, the Respondent sent a letter to the Relator to try and clarify some of the confusion regarding motions Relator was requesting a hearing on. On November 18, 2014, Relator filed a petition for writ of mandamus which was subsequently denied.

On January 07, 2015, the Respondent sent a letter/order to all parties in which she attempted to resolve the Relator's request for hearing on his motions. In the letter/order several motions were granted or denied. By letter dated January 08, 2015, the Relators remaining motions were set for telephone conference for January 29, 2015, and this was thereafter postponed. Hearings for July 09, 2015,

(7.)

then July 17, 2015, and currently September 18, 2015, have been set by the Respondent to consider and render decisions on the (1.) Defendant's Amended Motion for Protective Order and for Sanctions; and (2.) Defendant's Motion for Protective Order Regarding Plaintiff's Discovery Requests. (See: Appendix, Exhibit No. #02)

None of the Relator's postponed motions from January 29, 2015, nor any other remaining motions brought to the Respondent's attention have been set for a hearing as of the date this petition was submitted for filing.

## Statement Of Jurisdiction

This Court has jurisdiction to issue a writ of mandamus pursuant to Texas Government Code §22.221(A) and Texas Constitution Article V, Section 6(A), and the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.

# Issue Presented

1.) A trial court abuses its discretion when it fails to rule on pretrial motions that have been properly presented to it within a reasonable time as in the underlying case.

2.) By refusing and failing to conduct a hearing as requested by Relator and render decisions on the Relator's properly pending motions/requests brought to the Respondent's attention; that constitutes an abuse of discretion and denial of due process, due course of law, equal access to the courts, equal protection of the laws.

3.) The Relator has motions pending which requires the Respondent to take action on prior to any hearings being held on September 18, 2015, on the defendant's motions (filed "after" the Relator's motions); and the Respondent abuses its discretion by not acting on "all" parties motion within a reasonable time. (See: Eli Lilly Co. vs. Marshall, 829 S.W.2d 157, 158 (Tex. 1992); and In Re: Amir-Sharif, 357 S.W.3d 180, 181 (Tex. App.-Dallas 2010))

(9.)

## Statement Of Facts

Relator has twice had adverse rulings dismissing the underlying case reversed and remanded to the trial court. In this matter, the Respondents Judge Gena Slaughter and the 191st District Court of Dallas County have had jurisdiction over the underlying case since June 06, 2014.

In response to Relator's requests for hearings on his motions the Respondent Judge Slaughter on January 07, 2015, made the following decisions & rulings by letter to all parties:

A) The Court agrees to hold "<u>All</u>" hearings by telephone conference, however a specific order must be issued for each hearing to ensure the correctional facility provides telephone access to a prisoner.

b.) The Court will also issue an order as necessary to allow Plaintiff to announce ready for trial at such time as is needed.

c.) The Court agrees to have the court reporter make a verbatim record of "<u>All</u>" court proceedings.

(10.)

d.) After consideration of the Motions for Alternative Dispute Resolution (filed 11/25/2009 and 12/23/2011), the Court denies the relief requested.

e.) The Court is unable to consider the merits of Plaintiff's motions to deem matters admitted by Defendant Cadieux.

f.) The Court is setting for hearing — for January 29, 2015 — Plaintiff's Motion To Compel Chester Cadieux to Make Disclosure As Required By Rule 194, Plaintiff's Motion To Compel Quik Trip To Make Disclosure As Required By Rule 194, Motion To Compel Quik Trip To Respond To Interrogatories And Request for Production of Documents; Plaintiff's Motion To Compel Production of Documents Requested by Plaintiff.

During the hearing conducted on January 29, 2015, the Respondent Judge Slaughter ordered the hearing postponed so Relator could clarify for the Court and defendants in writing the complaints Relator has with respect to the discovery responses of defendant's Quik Trip and Cadieux. In a letter dated and mailed on February 05, 2015, to the

(12)

Respondents and Attorney Donna C. Peavler, Relator clarified as ordered his discovery responses complaint. (See: Appendix, Exhibit No. #03) However, to date, the Respondents have failed to reset the Relator's motions for a hearing so rulings could be made in a reasonable time.

In addition to those discovery-related motions, the Relator has the following motions properly pending before the Respondents, some of which requires a decision by the Respondents prior to any other hearings are conducted:

A.) Plaintiff's Motion for Court Order Pursuant to TJCJ's Access To Courts (ATC) Policy-170 Confidential Teleconferences, dated January 12, 2015. (See: Appendix, Exhibit No. #04)

b.) Plaintiff's Objection To The Administartive Closure. (See: Footnote page 02, March 25, 2015 order signed by Justice Robert M. Fillmore)

c.) Plaintiff's Motion To Vacate The Order Administratively Closing The Case. (See: Footnote pg. 02, March 25, 2015 order signed by Justice Robert M. Fillmore)

(12.)

On June 23, 2015, Relator received a letter from The Peavler Group while on a bench warrant to the Brazoria County Jail. That letter informed Relator that the Respondents had set the defendants Quik Trip and Chester Cadieux III motions for a hearing on July 09, 2015. (See: Appendix, Exhibit No. #02) Although no attempt by the defendants counsel to comply with the TSCJ's Board Policy 03.81 Section VIII governing legal calls had been made, the attorney knowingly made false statements in the motions, namely the Certificate of Conference section, by alleging they could not confer with the Relator — as they've previously complained it was violative of local Civil Rules of court 2.07 not to do so or attempt to do so, if possible.

Relator received another ("Amended") notice in the mail while on bench warrant about a July 17, 2015, hearing that the Respondents had set for the defendants. BP-03.81 Section VIII

(13.)

And the Local Civil Rule 2.07 was knowingly circumvented in order to get the hearing set. Relator made complaints to the Respondents and Attorney Donna C. Peavler about the forementioned antics and more causing such to come to a halt in connection with the September 18, 2015, hearing scheduled. Nevertheless, the Respondents have refused and failed to take any actions on the February 05, 2015 and March 05, 2015, letters to the court that requires Relator's motions be set for a hearing "just like being done for the defendant in the case below". (See: Appendix, Exhibit No. #05)

## Arguments And Authorities

Relator request this court exercise its authority to take judicial notice of the documents filed in Appeal number 05-14-01514, and any other cases necessary to establish the facts of this litigation and

(14)

Related filings as the interest of justice may demand.

The defendant's motion currently set for a hearing on September 18, 2015, was filed "months after" the Relator's motions. If a "reasonable time" in which to set the defendant's two (2) motions for hearing has elapsed, then so has a "reasonable time" elapsed for the Respondents to of set the Relator's motion for a hearing so decisions could be rendered. When a motion (or motions) is properly filed, brought to the court's attention and pending, the Texas Supreme Court has stated the act of giving consideration and ruling upon it is a ministerial duty. (See: Eli Lilly & Co. vs. Marshall, 829 SW.2d 157, 158 (Tex. 1992)) (See Also: Crouch vs. Shields, 385 SW.2d. 580 (Tex. App.-Dallas 1964), and In Re: Amir-Sharif, 357 SW.3d 180, 181 (Tex. App.-Dallas 2012))

Under the irrefutable facts in the record now before this court, the Respondents have

(16)

Knowingly abused their discretion regarding the performance of the ministerial duty at issue here by "Repeatedly" setting the defendant's motions for a hearing (since the January 29, 2015, hearing conducted) while completely and consciously failing to take similar actions with the Relator's motions.

The Real parties in interest arguments previously made about Local Rule 2.07 (during Appeal number 05-14-01514-CV) is moot as it relates to the Relator's motions at issue in this petition. This is so because the court and all parties have acknowledged the motions and a partial hearing was even begun to address "a couple" of "Relator's motions" on January 29, 2015, but never reset as the Respondent Judge Slaughter promised to do during the last hearing conducted.

Relator has established that his motions have been properly pending before the Respondents and that a "Reasonable time" has elapsed and there has been no action taken

(6)

on his motions, unlike the actions being taken on the motions filed by the opposing parties. This constitutes an abuse of discretion because the Relator's motions are being ignored and consequently Relator's constitutional rights of equal access to the courts, due process, due course of law, equal protection of the law and the right "to petition and be heard" have and continue to be violated by the Respondents. (SEE: U.S. Const. Amend. 1st, 5th, 9th and 14th; Tex. Const. Article I, § 3, 3A, 13, 19, 27, and 29)

Before any hearing is conducted again in the case below, the nature and relief sought in Plaintiff's Motion For Court Order Pursuant To TDCJ's Access To Courts Policy 170 Confidental Teleconference, the Respondents must consider and render a decision on it. This fact was known or should of been known by the Respondents before they set the July 09, 2015, July 17, 2015, and September 18, 2015 hearings on the defendant's motions.

(17.)

As it now stands based on an objective analysis of the factual record before this court, the opposing party in the case below is receiving preferential treatment from the Respondents as it relates to their access to the 191st District Court. Or the Respondent's favoritism is dictating which parties motions and requests get the court's attention and are acted on, and which parties wont.

Relator has no adequate remedy available and as a matter of law the factual circumstances mandates that a writ of mandamus will issue to compel the Respondents performance of their ministerial duty at issue in this matter. (See: Walker vs. Packer, 827 SW.2d 833, 837 (Tex. 1992); In re Prudential Ins. Co., 148 SW. 3d 124, 135-136 (Tex. 2004); and Barnes vs. State 832 SW.2d 424, 426 (Tex. App-Houston 1992)

(18.)

## PRAYER

FOR the REASONS presented above and not inconsistent with the legal precedent cited and the governing constitutional provisions relied upon the mandamus relief sought should be granted. Relator also request that this Court grant "**All**" relief in law and equity this Court knows the Relator to be entitled to And which the interest of justice calls for.

Respectfully submitted on September 04, 2015.

Lakeith Amir-Sharif
1200 FM 655
Rosharon, Texas
77583-8602

## Certification

IN Accordance with Tex. R. App. P. 52.3 and All other relevant Rules of court Relator states under penalty of perjury

(19)

I certify I have reviewed in its entirety the above petition for writ of mandamus and conclude that every factual statement made herein this petition and the exhibits attached to the appendix is supported by competent evidence included in the appendix and the record.

Executed in Brazoria County, Texas on September 04, 2015.

~~Lakeith Amir-Sharif~~
(TDCJ No.#1505969)

## Certificate of Service

By depositing a correct copy of above petition for writ of mandamus into the prison's outgoing mail system addressed to Judge Gena Slaughter, 191st District Court 600 Commerce Street Dallas, Tx 75202, and The Peavler Law Group, 2215 Westgate Plaza, Grapevine, Tx 76051, I certify service by regular U.S. Mail

(20.)

has been made on September 04, 2015.

Lakeith Amir-Sharif
1200 FM 655
Ramsey II Prison Unit
Rosharon, Tx 77583-8602

# Appendix

Exhibits Number #01 - 05
(w/ sworn copies per Tex.R.App.P. 52.3(K))

(21.)

"In Re: Amir-Sharif
Appeal No.# _____

## Unsworn Declaration

Pursuant to Tex.R.App.P. 52.3(k) And under penalty of perjury, I Lakeith Amir-Sharif (TDCJ# 1505969) being currently in state prison, declares that the documents presented in Exhibit No. 01 of this appendix are authentic and true copies of the matter complained of.

Executed in Brazoria County, Texas on September 04, 2015.

Lakeith Amir-Sharif

(22.)

Exhibit No. 01

# REGISTER OF ACTIONS
## CASE NO. DC-09-13818

| | | | |
|---|---|---|---|
| LAKEITH AMIR-SHARIF vs. QUICK TRIP CORPORATION, et al | § § § § § | Case Type: | OTHER PERSONAL INJURY |
| | | Subtype: | PREMISES |
| | | Date Filed: | 10/02/2009 |
| | | Location: | 191st District Court |

---

### RELATED CASE INFORMATION

**Related Cases**
DC-14-03023 (CONSOLIDATION)
DC-14-03842 (CONSOLIDATION)

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| DEFENDANT | CADIEUX, CHESTER, III | B KYLE BRISCOE<br>Â Â *Retained*<br>214-999-0550(W) |
| DEFENDANT | QUICK TRIP CORPORATION | DONNA C PEAVLER<br>Â Â *Retained*<br>214-999-0550(W) |
| DEFENDANT | VAUGHAN, COREY | |
| PLAINTIFF | AMIR-SHARIF, LAKEITH | Pro Se |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

12/16/2009 | NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER (Judicial Officer: LOWY, MARTIN)
Vol./Book 434E, Page 886,  3 pages

04/26/2012 | NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER (Judicial Officer: LOWY, MARTIN)
Vol./Book 444E, Page 280,  1 pages

**OTHER EVENTS AND HEARINGS**

10/02/2009 | ORIGINAL PETITION (OCA)
10/02/2009 | AFFIDAVIT
10/02/2009 | MISCELLANOUS EVENT
*PREMISES LIABILITY COMPLAINT*
10/09/2009 | ISSUE CITATION
10/09/2009 | CITATION

| | | |
|---|---|---|
| QUICK TRIP CORPORATION | Served | 10/13/2009 |
| | Returned | 10/19/2009 |
| CADIEUX, CHESTER, III | Returned Unserved | 10/20/2009 |
| | Returned | 10/20/2009 |

10/12/2009 | AFFIDAVIT INABILITY TO PAY
11/02/2009 | ORIGINAL ANSWER - GENERAL DENIAL
11/05/2009 | MOTION - DISMISS
11/09/2009 | NOTICE OF HEARING / FIAT

EXHIBIT

1

| | |
|---|---|
| 11/12/2009 | Special Exceptions (9:30 AM) (Judicial Officer LOWY, MARTIN) |
| 11/12/2009 | ORDER - VEXATIOUS |
| | Vol./Book 434E, Page 534, 1 pages |
| 11/13/2009 | NOTE - CLERKS |
| | C-PLTF AND DEF VEXATIOUS LITIGANT |
| 11/13/2009 | NOTE - CLERKS |
| | CC DL |
| 11/20/2009 | CORRESPONDENCE - LETTER TO FILE |
| 11/20/2009 | RESPONSE |
| | to m/dismiss |
| 11/20/2009 | MOTION - MISCELLANOUS |
| | all proceedings be conducted via video |
| 11/20/2009 | CORRESPONDENCE - LETTER TO FILE |
| 11/20/2009 | MISCELLANOUS EVENT |
| | request court to order discovery control plan |
| 11/20/2009 | OBJECTION |
| | to special exceptions |
| 11/25/2009 | MOTION - MISCELLANOUS |
| | ADR REFERRAL |
| 11/25/2009 | MISCELLANOUS EVENT |
| | JUDICIAL NOTICE TO COURT |
| 11/25/2009 | MOTION - DEFAULT JUDGMENT |
| 12/02/2009 | AMENDED PETITION |
| 12/02/2009 | AMENDED PETITION |
| 12/02/2009 | AMENDED PETITION |
| 12/02/2009 | MISCELLANOUS EVENT |
| | REQ TRIAL SETTING |
| 12/02/2009 | MOTION - MISCELLANOUS |
| | TELE ACCES TO ANNOUNCE READY |
| 12/02/2009 | MISCELLANOUS EVENT |
| | HABEAS CORPUS TESTIFICATION |
| 12/04/2009 | OBJECTION |
| | and m/vacate order |
| 12/04/2009 | MISCELLANOUS EVENT |
| | request for hearing |
| 12/04/2009 | CORRESPONDENCE - LETTER TO FILE |
| 12/09/2009 | MISCELLANOUS EVENT |
| | req for hearing-2 |
| 12/10/2009 | MISCELLANOUS EVENT |
| | 2ND REQ HEARING |
| 12/16/2009 | NOTE - CLERKS |
| | C-ALL DISMISSAL |
| 12/22/2009 | NOTICE OF APPEAL - CT. OF APPEALS |
| 12/22/2009 | AFFIDAVIT INABILITY TO PAY |
| 12/22/2009 | MISCELLANOUS EVENT |
| | APP AND AFFIDAVIT TO PROCEED ON APPEAL |
| 12/30/2009 | FINDINGS OF FACT/CONCLUSIONS OF LAW |
| 01/28/2010 | CORRESPONDENCE - LETTER TO FILE |
| 04/13/2011 | OPINION |
| | COURT OF APPEALS |
| 04/28/2011 | MOTION - MISCELLANOUS |
| | MOTION FOR CONSIDERATION AND RULINGS ON ALL MOTIONS FILED |
| 04/28/2011 | MOTION - MISCELLANOUS |
| | MOTION FOR ORDER |
| 05/05/2011 | CORRESPONDENCE - LETTER TO FILE |
| 05/05/2011 | CERTIFICATE OF LAST KNOWN ADDRESS |
| 05/17/2011 | MOTION - MISCELLANOUS |
| | PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS |
| 06/23/2011 | REQUEST FOR SERVICE |
| 06/23/2011 | ISSUE CITATION |
| 06/23/2011 | MOTION - RECUSE |
| 06/23/2011 | MISCELLANOUS EVENT |
| | SECOND AMENDMENT CIVIL COMPLAINT |
| 06/29/2011 | MISCELLANOUS EVENT |
| | COURT OF APPEALS MANDATE |
| 06/29/2011 | CORRESPONDENCE - LETTER TO FILE |
| | COURT OF APPEALS MANDATE LETTER |
| 06/29/2011 | MISCELLANOUS EVENT |
| | COA-MANDATE-R/R |
| 06/29/2011 | MANDATE/R&R (OCA and REOPEN CASE) |
| | Vol./Book 441E, Page 25, 1 pages |
| 07/01/2011 | ORDER - MISC. |
| | REFERRAL |
| | Vol./Book 441E, Page 008, 1 pages |
| 07/05/2011 | CITATION |
| | 3 CITS CERT MAIL 2ND AMD |

| | | | |
|---|---|---|---|
| | QUICK TRIP CORPORATION | Served | 07/11/2011 |
| | | Returned | 07/12/2011 |
| | CADIEUX, CHESTER, III | Served | 07/11/2011 |
| | | Returned | 07/13/2011 |
| | VAUGHAN, COREY | Returned Unserved | 07/26/2011 |
| | | Returned | 07/26/2011 |

07/05/2011 **ORDER - DENY**
*M/RECUSE*
Vol./Book 441E, Page 26, 1 pages

07/06/2011 **CORRESPONDENCE - LETTER TO FILE**
07/06/2011 **CORRESPONDENCE - LETTER TO FILE**
07/18/2011 **CORRESPONDENCE - LETTER TO FILE**
07/21/2011 **CORRESPONDENCE - LETTER TO FILE**
07/26/2011 **DESIGNATE LEAD COUNSEL**
08/19/2011 **MOTION - MISCELLANOUS**
*MOTION TO DECLARE PLTF A VEXATIOUS LITIGANT AND REQUEST FOR SECURITY*
08/29/2011 **RESPONSE**
*PLTF*
09/06/2011 **MOTION - MISCELLANOUS**
*MOTION FOR TELEPHONIC HEARINGOR VIDEO CONFERENCE HEARING*
09/19/2011 **OBJECTION**
*PLTF-JUDGE LOWY PRESIDING OVER HEARINGS/CASE*
09/29/2011 **OBJECTION**
*DEF*
10/06/2011 **NOTICE OF HEARING / FIAT**
*RESCHEDULED*
10/26/2011 **MOTION HEARING** (9:15 AM) (Judicial Officer LOWY, MARTIN)
*DEFT-DECLARE PLTF-VEXATIOUS LITIGANT*

    *10/06/2011 Reset by Court to 10/26/2011*

11/09/2011 **NOTE - ADMINISTRATOR**
*SEE NOTES*
12/14/2011 **NOTICE OF CHANGE OF ADDRESS**
*LAKEITH AMIR SHARIF*
12/16/2011 **COLLECTIONS - FINANCIALS**
12/23/2011 **MOTION - MISCELLANOUS**
*2ND MOTION FOR ADR REFERRAL*
12/28/2011 **CORRESPONDENCE - LETTER TO FILE**
12/29/2011 **CORRESPONDENCE - LETTER TO FILE**
12/29/2011 **NOTICE OF CHANGE OF ADDRESS**
*PLTF*
12/29/2011 **NOTICE OF CHANGE OF ADDRESS**
*PLTF*
01/09/2012 **MOTION - MISCELLANOUS**
*3RD MOTION FOR CONSIDERATION AND RULINGS ON ALL MOTIONS FILED TO THE COURT*
01/09/2012 **MOTION - COMPEL**
*MOTION TO COMPEL CLERK TO SERVE DEFENDANT COREY VAUGHAN COPY OF PLTFS AMENDED COMPLAINT*
01/13/2012 **CORRESPONDENCE - LETTER TO FILE**
01/17/2012 **MOTION - MISCELLANOUS**
*4TH MOTION TO CONDUCT A HEARING*
01/17/2012 **CORRESPONDENCE - LETTER TO FILE**
01/23/2012 **CORRESPONDENCE - LETTER TO FILE**
02/02/2012 **ISSUE WRIT**
02/02/2012 **BENCH WARRANT**
*PER JUDGE LOWY. HAND DELIVERED TO COURT CLERK*

| | | | |
|---|---|---|---|
| | AMIR-SHARIF, LAKEITH | Returned Unserved | 07/03/2012 |
| | | Returned | 07/03/2012 |

02/02/2012 **ORDER - VEXATIOUS**
*HRNG ON DEFT-M/DECLARE PLTF-LITIGANT*
Vol./Book 443E, Page 285, 1 pages
02/02/2012 **ORDER - MISC.**
*BENCH WARRANT*
Vol./Book 443E, Page 296, 3 pages
02/07/2012 **CORRESPONDENCE - LETTER TO FILE**
02/13/2012 **NOTICE OF APPEAL - CT. OF APPEALS**
*2/17/12 NOTIFIED BY 5THCOA*
02/15/2012 **CORRESPONDENCE - LETTER TO FILE**
02/22/2012 **MISCELLANOUS EVENT**
*5THCOA CARD*
02/27/2012 **CORRESPONDENCE - LETTER TO FILE**
02/27/2012 **CORRESPONDENCE - LETTER TO FILE**
02/28/2012 **MOTION - MISCELLANOUS**
*FOR COURT TO CONDUCT A HEARING AND CONSIDER ALL OF PLTFS MOTIONS*
03/07/2012 **NOTICE OF CHANGE OF ADDRESS**
03/08/2012 **MOTION HEARING** (2:00 PM) (Judicial Officer LOWY, MARTIN)
*BENCH WARRANT-DEFT'S MOTION TO DETERMINE IF PLTF IS A VEXATIOUS LIGITIANT*

| | |
|---|---|
| | Result: HEARING HELD |
| 03/08/2012 | **ORDER - VEXATIOUS** |
| | *DECLARE PLTF LITIGANT* |
| | *Vol./Book 443E, Page 703, 1 pages* |
| 03/23/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| | *COURT OF APPEALS* |
| 03/30/2012 | **MOTION - RECONSIDER** |
| 04/16/2012 | **NOTE - CLERKS** |
| | *05-12-00192-CV DISMISSED BY 5THCOA 3/22/12 AT APPELLANTS REQUEST* |
| 04/25/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 04/30/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 05/04/2012 | **MOTION - RECONSIDER** |
| 05/04/2012 | **REQUEST FOR FINDING OF FACT/CONCLUSIONS OF LAW** |
| | *PLTF* |
| 05/21/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 05/21/2012 | **MISCELLANOUS EVENT** |
| | *NOTICE OF PAST DUE FINDINGS OF FACT AND CONCLUSIONS OF LAW* |
| 06/06/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 06/06/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 06/07/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 06/08/2012 | **AFFIDAVIT INABILITY TO PAY** |
| 06/08/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 06/08/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 06/15/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| | *COA* |
| 06/15/2012 | **NOTICE OF APPEAL - CT. OF APPEALS** |
| | *6/18/12 MAILED LETTER REQUESTING DESIGNATION LETTER W/IN 3 DAYS.* |
| 06/18/2012 | **MANDATE DISMISS** |
| | *Vol./Book 444E, Page 801, 1 pages* |
| 06/19/2012 | **MISCELLANOUS EVENT** |
| | *COA MANDATE* |
| 06/25/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 06/25/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 06/25/2012 | **MOTION - MISCELLANOUS** |
| | *2ND MOTION TO CONDUCT HEARING AND RENDER DECISIONS ON PLTFS PENDING MOTIONS* |
| 07/02/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 07/05/2012 | **NOTE - CLERKS** |
| | *COPY OF CASE SUMMARY MAILED AS REQUESTED TO SUBMIT DESIGNATION LETTER FOR NOA* |
| 07/20/2012 | **REQUEST CLERK PREPARE RECORD** |
| 07/24/2012 | **MOTION - MISCELLANOUS** |
| | *MOTION TO STAY JUDGMENT PENDING APPEAL* |
| 07/30/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| | *REQUEST FOR HEARING* |
| 07/30/2012 | **MOTION - MISCELLANOUS** |
| | *3RD MOTION FOR JUDGE TO CONDUCT HEARING* |
| 08/02/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| 08/02/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| | *PLTF REQUEST FOR HEARING* |
| 08/17/2012 | **NOTE - CLERKS** |
| | *No COA case no assigned will send NOA to the 5th COA, preparing req clerk record* |
| 08/17/2012 | **APPELLATE RECORD** |
| | *Prepared requested clerk's record, plaintiff/pro se & pauper 0 fee charged Clerk's Record was submitted electronically to the 5th Court of Appeals 8/17/2012. clerk's record fee 381 pages charged $0- pauper transcript fee $25.00 charged $0-pauper total fee $0* |
| 08/22/2012 | **COA - CORRESPONDENCE LETTER** |
| | *5THCOA 05-12-01143-CV* |
| 08/27/2012 | **COA - CORRESPONDENCE LETTER** |
| | *Corr to 5th COA Lisa Matz reg Corr from 5th COA on 8/22/2012 in reg to contest of affidavit of inability to pay* |
| 09/04/2012 | **MOTION - MISCELLANOUS** |
| | *3RD-FOR JUDGE LOWY TO CONDUCT HRNGS & TO RENDER DECISIONS ON ALL OF PLTF'S PENDING MOTIONS/REQUESTS* |
| 09/28/2012 | **NOTICE OF CHANGE OF ADDRESS** |
| | *PLTF* |
| 09/28/2012 | **NOTICE OF CHANGE OF ADDRESS** |
| | *PLTF* |
| 10/09/2012 | **NOTICE OF CHANGE OF ADDRESS** |
| | *PLTF* |
| 10/23/2012 | **SUPPLEMENTAL CLERK'S RECORD REQUEST** |
| 10/24/2012 | **NOTE - CLERKS** |
| | *COA case no 05-12-01143-CV, preparing req SUPP #1 clerk record* |
| 10/25/2012 | **APPELLATE RECORD** |
| | *COA case no 05-12-01143-CV, Prepared requested SUPP #1 clerk's record, plaintiff/pro se & pauper 0 fee charged Clerk's Record was submitted electronically to the 5th Court of Appeals 10/25/2012. SUPP 1 clerk's record fee 26 pages charged $0- pauper transcript fee $25.00 charged $0-pauper total fee $0 Confirmation trace pg no 4172* |
| 11/13/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: 2ND REQUEST FOR SUPPPLEMENTATION OF THE APPELLATE RECORD* |
| 11/15/2012 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RESPONSE TO 2ND REQUEST FOR SUPPLEMENTATION OF THE APPELLATE RECORD* |
| 11/20/2012 | **NOTE - CLERKS** |

*per shannon with the 5th COA resend supp #1 Clerk Record....conf trace pg no 4746*

| 11/30/2012 | **SUPPLEMENTAL CLERK'S RECORD REQUEST** |
| | *12/3/12 CR NOTIFIED* |
| 11/30/2012 | **REQUEST REPORTER RECORD** |
| | *12/7/12 CR HAND DELIVERED REQ TO TRANSCRIPT DEPT. THINGS IN REPORTERS RECORD REQ S/B IN CLERKS RECORD REQ. WILL SCAN AND SUPPLEMENT REQUESTED DOCUMENTS* |
| 12/04/2012 | **NOTE - CLERKS** |
| | *COA case no 05-12-01143-CV, preparing requested SUPP #2 clerk's record* |
| 12/04/2012 | **APPELLATE RECORD** |
| | *COA case no 05-12-01143-CV, Prepared requested SUPP #2 clerk's record, plaintiff/pro se & pauper 0 fee charged Clerk's Record was submitted electronically to the 5th Court of Appeals 12/4/2012. SUPP 2 clerk's record fee 23 pages charged $0- pauper transcript fee $25.00 charged $0-pauper total fee $0 Confirmation trace pg no 5182* |
| 12/07/2012 | **NOTE - CLERKS** |
| | *EMAILED CR. ALL ITEMS W/EXCEPTION OF "H" WAS INCLUDED IN THE ORIGINAL CLERKS RECORD SUBMITTED 5THCOA 8/17/12.* |
| 01/18/2013 | **REQUEST REPORTER RECORD** |
| | *THIRD. 1/22/13 CR AWARE OF THIS AS HE WAS MAILED A COPY BY APPELLANT.* |
| 02/07/2013 | **ORDER - MISC.** |
| | *COA-GRANTS & DIRECTS THE CLERK TO SEND APPELLANT COPY OF SUPPL REPORTERS RECORD* |
| | Vol./Book 448E, Page 54, 2 pages |
| 09/24/2013 | **CORRESPONDENCE - LETTER TO FILE** |
| 11/26/2013 | **OPINION** |
| | *5TH COA* |
| 11/26/2013 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: 5TH COA OPINION* |
| 12/09/2013 | **CORRESPONDENCE - LETTER TO FILE** |
| 01/31/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: POST JUDGMENT AFFIDAVIT* |
| 01/31/2014 | **AFFIDAVIT** |
| | *POST JUDGMENT SUBMISSION REGARDING APPEAL COSTS* |
| 02/06/2014 | **MANDATE/R&R (OCA and REOPEN CASE)** |
| | Vol./Book 451E, Page 313, 1 pages |
| 02/07/2014 | **ORDER - RECUSAL** |
| | *transferred to 44th DC Sent 12-11002-B as replacement case.* |
| | Vol./Book 451E, Page 323, 1 pages |
| 02/20/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: PLT'S LETTER COPY OF LETTER SENT TO DEFT'S ATTY. FOR REQ FOR PRODUCTION & INTERROGATORIES* |
| 02/20/2014 | **MOTION - MISCELLANOUS** |
| | *TO CONDUCT HEARING , & TO CONSIDER & RULE ON ALL OF PLT'S PENDING MOTIONS* |
| 02/20/2014 | **MOTION - COMPEL** |
| | *PRODUCTION OF DOCUMENTS REQUESTED BT PLAINTIFF* |
| 02/20/2014 | **MOTION - MISCELLANOUS** |
| | *FOR ALL HEARINGS TO BE CONDUCTED BY TELEPHONIC AND/OR VIDEO CONFERENCE* |
| 02/20/2014 | **NON-SIGNED PROPOSED ORDER/JUDGMENT** |
| | *PLT'S PRETRAIL MOTIONS* |
| 02/20/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: PLT'S MOTIONS FOR ALL HEARINGS TO CONDUCTED TELEPHONICALLY & PLT'S M/COMPEL* |
| 02/24/2014 | **ORDER - TRANSFER** |
| | *TO THE 44TH COURT* |
| | Vol./Book 451E, Page 472, 1 pages |
| 03/03/2014 | **ORDER - PRETRIAL** |
| | *COPY ALL* |
| | Vol./Book 457B, Page 641, 1 pages |
| 03/04/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| 03/10/2014 | **MOTION - MISCELLANOUS** |
| | *2ND - FOR HEARING & RULING ON ALL PENDING MOTIONS* |
| 03/10/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: HEARING TO CONSIDER AND RULE ON ALL MOTIONS* |
| 03/25/2014 | **OBJECTION** |
| | *AND RESPONSE TO THE COURT'S MARCH 3, 2013 ORIGINAL PRETRIAL ORDER* |
| 03/25/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: LETTER TO ATTORNEY* |
| 03/25/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: LETTER TO ATTORNEY ON DISCOVER* |
| 03/25/2014 | **DISCOVERY** |
| | *PLAINTIFF'S NOTICE OF PRODUCTION FROM NONPARTY* |
| 03/25/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: SUMMARY OF DOCUMENTS MAILED* |
| 04/02/2014 | **NOTICE OF HEARING / FIAT** |
| 04/02/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| 04/02/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: HEARING* |
| 04/02/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE:SUMMARY* |
| 04/02/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | *RE: ELECTRONIC FILING.* |
| 04/02/2014 | **MOTION - MISCELLANOUS** |

|            | 2ND MOTION FOR HEARING & RULING ON "ALL" PENDING MOTIONS |
| 04/02/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE: DOCUMENTS |
| 04/02/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE: COPIES |
| 04/02/2014 | ISSUE CITATION |
| 04/02/2014 | CORRESPONDENCE - LETTER TO FILE |
| 04/10/2014 | CITATION |

VAUGHAN, COREY — Returned Unserved 06/17/2014 — Returned 06/17/2014

| 04/17/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE: FOLLOW-UP REQUESTING HEARING |
| 04/23/2014 | MOTION - SUMMARY JUDGMENT |
|            | DEFENDANTS' TRADITIONAL AND NO-EVIDENCE MOTIONS FOR SUMMARY JUDGMENT |
| 04/24/2014 | NOTICE OF HEARING / FIAT |
|            | NOTICE OF HEARING ON DEFENDANT'S TRADITIONAL AND NO-EVIDENCE MOTIONS FOR SUMMARY JUDGMENT |
| 04/24/2014 | MOTION - MISCELLANOUS |
|            | 2ND MOTION FOR JUDGE TO CONDUCT HEARING |
| 04/28/2014 | MISCELLANOUS EVENT |
|            | REQUEST FOR HEARINGS |
| 04/28/2014 | MOTION - MISCELLANOUS |
|            | MOTION FOR COURT ORDER DEEMING MATTERS ADMITTED BY THE DEFENDANT CHESTER CADIEUX III |
| 04/28/2014 | MOTION - MISCELLANOUS |
|            | MOTION FOR COURT ORDER DEEMING MATTERS ADMITTED BY QUICK TRIP CORPORATION |
| 04/28/2014 | MOTION - COMPEL |
|            | CHESTER CADIEUX III TO MAKE DISCLOSURES AS REQUIRED BY RULE 194 |
| 05/08/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE: DOCUMENTS |
| 05/08/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE: CASE SUMMARY |
| 05/08/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE: LETTER TO COURT REPORTER |
| 05/08/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE: CASE SUMMARY |
| 05/09/2014 | MISCELLANOUS EVENT |
|            | REQUEST FOR COURT CONDUCT HEARING |
| 05/09/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE: DOCUMENTS |
| 05/09/2014 | REQUEST FOR SERVICE |
| 05/09/2014 | MOTION - MISCELLANOUS |
|            | 3RD MOTION FOR JUDGE TO CONDUCT A HEARING CONSIDER AND RENDER DECISIONS OF ALL OF THE PLAINTIFF'S PENDING MOTIONS/PLEADINGS |
| 05/12/2014 | ISSUE CITATION |
|            | (WAITING FOR COPY OF SECOND AMENDED COMPLAINT TO SEND) |
| 05/12/2014 | CITATION |
|            | CERT MAIL/LB |

QUICK TRIP CORPORATION — Unserved

| 05/19/2014 | MISCELLANOUS EVENT |
|            | PLAINTIFF'S 2ND REURGING OF OBJECTIONS TO THE TRIAL COURT'S PRE-TRIAL ORDER |
| 05/19/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE: OBJECTIONS TO JUNE 6 |
| 05/27/2014 | MOTION - CONTINUANCE |
| 06/06/2014 | Motion - Summary Judgment  (10:00 AM) (Judicial Officer CORTEZ, CARLOS) |
| 06/06/2014 | ORDER - RECUSAL |
|            | COPY ALL |
|            | Vol./Book 458B, Page 672,  1 pages |
| 06/06/2014 | MISCELLANOUS EVENT |
|            | FAX TRANSMITTAL TO SANDY |
| 06/16/2014 | ORDER - TRANSFER |
|            | 191ST COURT - COPY ALL |
|            | Vol./Book 458B, Page 773,  1 pages |
| 06/16/2014 | ORDER - TRANSFER |
|            | FROM THE 44TH COURT TO 191ST COURT received 11-10130-J as replacement case. |
|            | Vol./Book 417J, Page 739,  1 pages |
| 06/23/2014 | CANCELED  Non Jury Trial  (9:00 AM) (Judicial Officer CORTEZ, CARLOS) |
|            | CASE TRIAL RESET |
|            | Judge recused 6-6-14 Reassigned to 191st. |
| 07/08/2014 | ORDER - CONSOLIDATE |
|            | FROM CASE #DC-14-03842-J |
|            | Vol./Book 418J, Page 116,  2 pages |
| 07/09/2014 | MOTION - MISCELLANOUS |
|            | REQUEST FOR ADR, CONSIDERATION AND RULING OF ALL PENDING MOTIONS |
| 07/10/2014 | CORRESPONDENCE - LETTER TO FILE |
|            | RE REQUEST FOR ADR |
| 07/28/2014 | ORIGINAL ANSWER - GENERAL DENIAL |

| 08/26/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | RE: MOTION FOR HEARING AND RULINGS TO BE MADE ON ALL PLAINTIFFS MOTIONS, REQUESTS AND PLEADINGS. |
| 09/02/2014 | **MOTION - MISCELLANOUS** |
| | FOR COURT TO CONDUCT HEARING & RENDER DECISION ON "ALL" OF PLAINTIFFS MOTION , REQUEST, & PLEADINGS |
| 09/10/2014 | **MOTION - MISCELLANOUS** |
| | MOTION FOR COURT TO CONDUCT HEARING |
| 09/19/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | FROM JUDGE TO PLT |
| 09/30/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | (NOTIFIED TRANSCRIPT DESK) |
| 10/03/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | RESP TO JUDGE LETTER DATED 09/19/2014 - ROUTED TO C/ADMIN FOR JUDGE REVIEW |
| 10/06/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | REQUEST COPY OF CASE SUMMARY |
| 10/06/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | RESPONSE TO REQUEST FOR CASE SUMMARY |
| 10/09/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | RE MOTION TO CONDUCT HEARING AND RENDER DECISIONS OF ALL PLANTIFF'S PENDING MOTIONS AND REQUESTS |
| 10/09/2014 | **MOTION - MISCELLANOUS** |
| | TO CONDUCT HEARING AND RENDER DECISION ON ALL THE PLAINTIFF'S PENDING MOTIONS AND REQUESTS |
| 12/01/2014 | **CORRESPONDENCE - LETTER TO FILE** |
| | W/ATTACHMENTS - (PRO-SE PLT) |

---

## FINANCIAL INFORMATION

| | **DEFENDANT** QUICK TRIP CORPORATION | | | 8.00 |
|---|---|---|---|---|
| | Total Financial Assessment | | | 8.00 |
| | Total Payments and Credits | | | 0.00 |
| | Balance Due as of 01/05/2015 | | | |
| 02/02/2012 | Transaction Assessment | | | 8.00 |
| 10/30/2012 | PAYMENT (CASE FEES) | Receipt # 63328-2012-DCLK | THE PEAVLER GROUP PC | (8.00) |

| | **PLAINTIFF** AMIR-SHARIF, LAKEITH | | | 138.00 |
|---|---|---|---|---|
| | Total Financial Assessment | | | 0.00 |
| | Total Payments and Credits | | | 138.00 |
| | Balance Due as of 01/05/2015 | | | |
| 05/12/2014 | Transaction Assessment | | | 73.00 |
| 06/17/2014 | Transaction Assessment | | | 65.00 |
| 06/23/2011 | Transaction Assessment | | | 219.00 |
| 07/12/2011 | Transaction Assessment | | | 65.00 |
| 07/13/2011 | Transaction Assessment | | | 65.00 |
| 07/27/2011 | Transaction Assessment | | | 65.00 |
| 10/09/2009 | Transaction Assessment | | | 237.00 |
| 10/09/2009 | Transaction Assessment | | | 16.00 |
| 10/18/2012 | CHARGE / BALANCE REDUCTION | | | 807.00 |
| 10/19/2009 | Transaction Assessment | | | 70.00 |
| 10/20/2009 | Transaction Assessment | | | 70.00 |

"IN RE: Amir-Sharif
Appeal No.# _____

## UNSWORN DECLARATION

PURSUANT to TEX. R. APP. P. 52.3(K) AND UNDER penalty of perjury, I, Lakeith Amir-Sharif (TDCJ#1505969) being currently in state prison declares that the documents presented in Exhibit No.#_02_ of this appendix are authentic and true copies of the matter complained of.

EXECUTED in BRAZORIA County, Texas ON September 04, 2015.

Lakeith Amir-Sharif

(23.)

Exhibit No. # 22

# THE PEAVLER GROUP
## Attorneys and Counselors

2215 Westgate Plaza
Grapevine, Texas 76051
*www.peavlergroup.com*
*kbriscoe@peavlergroup.com*

B. KYLE BRISCOE
(817) 756-7700

Main: (214) 999-0550
Fax: (214) 999-0551

June 15, 2015

*Delivered on: June 23, 2015 at Brazoria County Jail*

**Via Electronic Filing**
Court Clerk
191st District Court
George L. Allen, Sr. Courts Building
600 Commerce Street, Box 740
Dallas, Texas 75202

Re:   Cause No. DC-09-13818; *LaKeith Amir-Sharif v. Quick Trip Corporation, et al.*
In the 191st Judicial District Court of Dallas County, Texas

---

### NOTICE OF HEARING

---

Dear Clerk:

Please be advised that (1) *Defendants' Amended Motion for Protective Order and for Sanctions* and (2) *Defendants' Motion for Protective Order Regarding Plaintiff's Discovery Requests* have been set for telephonic hearing on **Thursday, July 9, 2015 at 9:30 a.m.** Accordingly, please call our office at 9:20 a.m. prior to the scheduled 9:30 a.m. hearing, so that we may initiate the call with the Court and conduct the conference call on time.

If you have any questions or comments, please do not hesitate to contact me.

Sincerely,

*/s/ B. Kyle Briscoe*
B. Kyle Briscoe

BKB/ej

THE PEAVLER GROUP

cc: ***Via First Class Mail and***
***CMRRR #91 7199 9991 7034 8749 3722***
LaKeith Raqib Amir-Sharif
TDCJ Number: 01505969
A.M. Stringfellow Unit
Ramsey II Prison Unit
1200 FM 655
Rosharon, Texas 77583-8602

# THE PEAVLER GROUP
## Attorneys and Counselors

2215 Westgate Plaza
Grapevine, Texas 76051
www.peavlergroup.com
kbriscoe@peavlergroup.com

B. KYLE BRISCOE
(817) 756-7700

Main: (214) 999-0550
Fax: (214) 999-0551

July 7, 2015

***Via Electronic Filing***
Court Clerk
191st District Court
George L. Allen, Sr. Courts Building
600 Commerce Street, Box 740
Dallas, Texas 75202

Re:   Cause No. DC-09-13818; *LaKeith Amir-Sharif v. Quick Trip Corporation, et al.*
      In the 191st Judicial District Court of Dallas County, Texas

---

**AMENDED NOTICE OF HEARING**

---

Dear Clerk:

Please be advised that (1) *Defendants' Amended Motion for Protective Order and for Sanctions* and (2) *Defendants' Motion for Protective Order Regarding Plaintiff's Discovery Requests* have been set for telephonic hearing on **Friday, July 17, 2015 at 10:15 a.m.** Accordingly, Mr. Amir-Sharif please call our office at 10:05 a.m. prior to the scheduled 10:15 a.m. hearing, so that we may initiate the call with the Court and conduct the conference call on time.

If you have any questions or comments, please do not hesitate to contact me.

Sincerely,

*/s/ B. Kyle Briscoe*
B. Kyle Briscoe

BKB/slr

THE PEAVLER GROUP

cc:     ***Via First Class Mail and
        CMRRR #91 7199 9991 7034 8749 3784***
        LaKeith Raqib Amir-Sharif
        TDCJ Number:  01505969
        A.M. Stringfellow Unit
        Ramsey II Prison Unit
        1200 FM 655
        Rosharon, Texas 77583-8602

_TDCJ Delivered OA?_
_August 28, 2015_
_( SEE: Ramsey II_
_Memo)_

## THE PEAVLER GROUP
### Attorneys and Counselors

2215 Westgate Plaza
Grapevine, Texas 76051
www.peavlergroup.com
kbriscoe@peavlergroup.com

B. KYLE BRISCOE
(817) 756-7700

Main: (214) 999-0550
Fax: (214) 999-0551

August 4, 2015

***Via First Class Mail and CMRRR #91 7199 9991 7034 8749 3876***
LaKeith Raqib Amir-Sharif
TDCJ Number: 01505969
West Garza Unit
4250 Highway 202
Beeville, Texas 78102-8982

Re:  Cause No. DC-09-13818; *LaKeith Amir-Sharif v. Quick Trip Corporation, et al.*
In the 191st Judicial District Court of Dallas County, Texas

## SECOND AMENDED NOTICE OF HEARING

Dear Mr. Amir-Sharif:

Please be advised that (1) *Defendants' Amended Motion for Protective Order and for Sanctions* and (2) *Defendants' Motion for Protective Order Regarding Plaintiff's Discovery Requests* have been set for telephonic hearing on **Friday, September 18, 2015 at 1:00 p.m.** Accordingly, Mr. Amir-Sharif please call our office at 12:50 p.m. prior to the scheduled 1:00 p.m. hearing, so that we may initiate the call with the Court and conduct the conference call on time.

If you have any questions or comments, please do not hesitate to contact me.

Sincerely,

*/s/ B. Kyle Briscoe*
B. Kyle Briscoe

BKB/ej

cc:  ***Via Electronic Filing***
Court Clerk
191st District Court
George L. Allen, Sr. Courts Building
600 Commerce Street, Box 740
Dallas, Texas 75202

In Re: Amir-Sharif
Appeal No. # _____

## Unsworn Declaration

Pursuant to Tex. R. App. P. 52.3(K) and under penalty of perjury, I Lakeith Amir-Sharif (TDCJ # 1505969) being currently in state prison declares that the documents presented in Exhibit No. # _03_ of this appendix are authentic and true copies of the matter complained of.

Executed in Brazoria County, Texas on September 04, 2015.

Lakeith Amir-Sharif

(24)

Exhibit

No. #03

February 05, 2015

Mr. Inkeith Amir-Sharif
1500 FM 655
Rosharon, Texas 77583-8602

Judge Gena Slaughter
191st District Court
600 Commerce Street
Dallas, Texas 75202-4606

Re: Case No. DC-09-13818
Lakeith Amir-Sharif vs. Quik Trip Corp., etal.,

Judge Slaughter: Per our telephone conversation/
hearing on January 29, 2015, I clarify for the
Court and defendants m/ motions to compel.
With respect to the disclosures I withdraw "all
complaints and the two respective motions per-
taining to such.

With respect to the defendant's Quik
Trip and Cadmium's Response to Interrogatories
And Request for Production, dated March 20, 2014
they violated discovery rules by Refusing and

(1.)

failing completely to produce existing, deliverable documents responsive to their ANSWERS given to interrogatories number 2, 3, 4, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 19, 20, 22, 23, 24, (see Cadieux's Responses.) Moreover, the defendant has not provided any legitimate authorities for failing to produce the responsive documents or information.

As for QuikTrip and Cadieux's March 20, 2014, Response to First Interrogatories And Request For Production Number 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, the defendant Quibble over the meaning of basic/simple words in order to Avoid fully responding to the interrogatories. This is despite my serving the defendant's Attorney "ongoing discovery definitions" which counsel Acknowledges having received. The documents and information sought "relevant" to the subject matter of my suit and my preparation for trial and simply because the defendants disagree with that fact doesn't make them right. (See: Monsanto Co. vs May 889 S.W.2d at 274 (Tex. 1994)

(2.)

*In re Weakley Homes, L.P.*, 275 S.W. 3d 309, 313-314 (Tex. 2009); *Ford Motor Co. vs. Castillo*, 279 S.W. 3d, 656, 664 (Tex. 2009). Accordingly, the objections made by the defendants lack a legitimate basis.

For the above reasons the Court should grant each of my motions related to the discovery requests at issue.

Sincerely,
LaKeith Amie-Starr

LAS/

cc: Donna C. Permlee

(3.)

"IN RE: Amir-Sharif
Appeal No.# _____


# UNSWORN DECLARATION

Pursuant to Tex.R.App.P. 52.3 (K) and under penalty of perjury, I, Lakeith Amir-Sharif (TDCJ No.#1505969) being currently in state prison declares that the documents presented in Exhibit No.# 04 of this Appendix are authentic and true copies of the matter complained of.

Executed in Brazoria County, Texas on September 04, 2015.

~~Lakeith Amir-Sharif~~

(25.)

Exhibit
No. 04

(K.)
JAN. 12, 2015

In The District Court of
Dallas County, Texas
Case No.# DC-09-13818-E

Lakeith Amir-Sharif

vs,

Quik Trip Corp. et al.,

## Plaintiff's Motion For Court Order Pursuant To TDCJ's Access To Courts (ATC) Policy-170 Confidential Teleconference

Plaintiff, Lakeith Amir-Sharif, files this motion and requests that pursuant to the Texas Department of Criminal Justice's (TDCJ) Access To Court Policy -170 (at page 02 of 05) and the United States Constitution equal protections, due process provisions, this Court issue an order that states "All" of

(1.)

the teleconferences and teleconference hearings shall be treated as confidential.

In further support of this motion the Plaintiff shows this Court the following good cause:

1) The TDCJ's Access To Court Policy-170 states verbatim" The scheduling And facilitating of a telephone conference call hearing is very similar to an attorney -offender call, with one major difference Telephone conference [hearing] calls are not confidential unless otherwise instructed [i.e. unless otherwise ordered] via a judicial officer."

2) When taken to its logical conclusion, common sense supports the notion that by granting this motion this Court would merely be comply with what the TDCJ's Access To Court Policy-170 requires of this Court for the teleconferences / telephone conference hearings to be confidential

(2.)

3) The Plaintiff has filed similar motions in other litigation he has been and is currently involved in, And those Courts granted his motions And issued orders for "__All__" teleconferences/telephone conference hearings to be confidential in Accordance with TDCJ's Access To Courts Policy - 170. ( __See__: Court Order Signed on November 25, 2014, by Honorable W. Edwin Denman, Brazoria County, Texas, Lakeith Amir-Sharif vs. Angela Allen, et al (Case 67247-I, Attached herein as Exhibit No. #21)

4) The defendants in this case have no legitimate reason to oppose this motion being granted by this Court.

5) No explanation or otherwise from this Court to prison officials is Required when granting this motion under the TDCJ's Access To Courts Policy - 170.

(3)

6.) In a nutshell, there is no basis for this Court not to grant this motion and issue an order accordingly declaring that "**ALL**" telecontrence/telephone conference hearings are to be treated as confidential.

Respectfully submitted January 12, 2015.

~~Lakeith Amir-Sharif~~
1300 FM 655
Rosharon, Tx 77583-8602

## Certificate of Service

By depositing this above motion into the prison's mail system addressed to The Penuke Law Group, I certify that service by U.S. Mail on January 12, 2015.

~~Lakeith Amir-Sharif~~

(4.)

IN RE: Amir-Sharif
Appeal No. # _____

## Unsworn Declaration

Pursuant to Tex. R. App. P. 52.3 (K) And under penalty of perjury, I, Lakeith Amir-Sharif (TDCJ # 1505969) being currently in state prison, declares that the documents presented in Exhibit No. #05 of this appendix are authentic And true copies of the matter complained of.

Executed in Brazoria County, Texas on September 04, 2015.

Lakeith Amir-Sharif

(26.)

Exhibit
No. # 05

March 15, 2015

Lakeith Amir-Sharif
Pamela St. Resident...
...655
Richardson, TX 75080-0602

Judge Gene Smith
191st District Court
600 Commerce Street
Dallas, TX 75202-4606

Re: Case No. DC-09-13948
Lakeith Amir-Sharif v. Quick-Trip Corp, et al.

Judge Slaughter,

Now that you have received my February 05, 2015, clarifying my discovery complaints that were being addressed at the January 29, 2015, hearing, please reset my motions for a hearing as soon as possible.

Also, I'd like you to consider and rule on my January 12, 2015, Motion for An Access to Confidential Telecommunications evidence.

Thank You,
Lakeith Amir-Sharif

/AS/
c: Dawn C. Pearce

In RE: Amir-Sharif

Appeal No.# _____

## Unsworn Declaration

Pursuant to Tex. R. App. P. 52.3(K) And under penalty of perjury, I, Lakeith Amir-Sharif (TDCJ#1505969) being currently in state prison declares that the documents presented in Exhibit No.#06 of this Appendix ARE Authentic and true copies of the matter complained of.

Executed in Brazoria County, Texas on September 04, 2015.

Lakeith Amir-Sharif

(27.)

Exhibit
No. # 06

**Order entered March 25, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01514-CV

### IN RE LAKEITH AMIR-SHARIF, Relator

Original Proceeding from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-09-13818-E

## ORDER

Based on the Court's opinion of this date, we **DENY** the petition for writ of mandamus.

We **ORDER** relator to bear the costs of this original proceeding.

/s/    CRAIG STODDART
        JUSTICE

DENY; and Opinion Filed March 25, 2015.

In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

———————————————————

No. 05-14-01514-CV

———————————————————

**IN RE LAKEITH AMIR-SHARIF, Relator**

Original Proceeding from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-09-13818-E

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Stoddart
Opinion by Justice Stoddart

Relator filed this petition requesting that the Court order the trial court to rule on thirteen

pending motions. We deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a slip and fall case filed on October 2, 2009. Over the course of the time this case

has been pending in the trial court, relator has filed roughly forty motions, many of them

duplicative, and has repeatedly demanded that the trial court set "all" his motions for hearing.

The case has been appealed to this Court twice since its filing.[1]

The first appeal of the case followed an order dismissing the case due to relator's failure

to comply with the requirements of the trial court's order declaring relator to be a vexatious

---

[1] As a result of the appeals, during roughly three years of the time since the case was filed, the trial court could not act on any of relator's motions. *See Saudi v. Brieven,* 176 S.W.3d 108, 114 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("Generally speaking, and with certain exceptions inapplicable here, once an appeal has been perfected and the trial court's plenary power to perform certain acts after appeal has expired, the appellate court acquires exclusive plenary jurisdiction over the cause.")

litigant. The trial court's order dismissing the case was signed on December 16, 2009. During the two-month period the case was pending prior to the signing of the first order of dismissal, the relator had filed ten motions and had twice moved for hearings on his motions. We reversed the trial court's dismissal of the case and remanded the case to the trial court.[2]

Upon remand of the case to the trial court, during the succeeding eight-month period, relator filed seven additional motions in the trial court. Real parties in interest again moved to declare relator a vexatious litigant and the trial court granted the motion. The trial court again dismissed the suit on April 26, 2012. We reversed the trial court's second dismissal and remanded the case to the trial court.[3]

Following our second remand of the case, the trial judge recused himself and the case was transferred to another district court. In the two months following the transfer of the case, relator filed twelve motions. The second trial judge then recused himself and, on June 6, 2014, the case was transferred to a third trial court in which it is currently pending. The trial court subsequently consolidated two additional lawsuits filed by relator against real parties in interest with this case. Relator filed at least four additional motions following the transfer of the case to the court in which it is currently pending. Throughout the time the case has been pending, relator repeatedly corresponded with the trial court demanding that "all" his motions and requests be set for hearing and determined.[4]

---

[2] *Amir-Sharif v. Quick Trip Corp.*, No. 05-09-01497-CV, 2011 WL 1367042, at *4 (Tex. App.—Dallas Apr. 12, 2011, no pet.).

[3] *Amir-Sharif v. Quick Trip Corp.*, 416 S.W.3d 914, 921 (Tex. App.—Dallas 2013, no pet.).

[4] Relator has also filed numerous mandamus proceedings seeking to compel rulings on "all" his motions. Each of these petitions has been denied. *In re Amir-Sharif*, No. 05-14-00659-CV, 2014 WL 2466164, at *1 (Tex. App.—Dallas June 2, 2014, orig. proceeding) (mem. op.) (concluding petition and record not authenticated as required by the Texas Rules of Appellate Procedure); *In re Amir-Sharif*, No. 05-12-01225-CV, 2012 WL 4338824, at *1 (Tex. App.—Dallas Sept. 21, 2012, orig. proceeding) (mem. op.) (concluding relator had not shown he was entitled to relief requested); *In re Amir- Sharif*, No. 05-12-00271-CV, 2012 WL 989580, at *1 (Tex. App.—Dallas Mar. 22, 2012, orig. proceeding) (mem. op.) (same). Relator additionally filed two mandamus proceedings to compel a ruling on his motion to recuse one of the three trial judges who has presided over this case. *In re Amir-Sharif*, No. 05-12-00060-CV, 2012 WL 195373, at *1 (Tex. App.—Dallas Jan. 23, 2012, orig. proceeding) (concluding issues presented in petition were moot because judge had ruled on motion and denied it); *In re Amir-Sharif*, No. 05-11-00964-CV, 2011 WL 3484817, at *1 (Tex. App.—Dallas Aug. 10, 2011, orig. proceeding) (mem. op.) (concluding relator had not shown he was entitled to relief requested).

On September 19, 2014, before the present petition for writ of mandamus was filed the trial judge advised relator by letter:

> Your request for setting "all" motions and requests is insufficient to advise the court which specific motions you are requesting be set for hearing or considered . . .[I]t is the party's obligation to notify the court which specific motions it desires to have the court set a hearing on or consider under submission. As it stands now, the Court is unable to determine which pleadings or "requests" need Court attention . . . If you will request either a hearing or submission date and time for a specific motion (referred to by title and filing date), the Court will respond promptly.

In response, for the first time in the case, relator identified specific motions he would like heard and he further requested that a hearing be conducted on the defendants' discovery objections. Despite the trial court's obvious efforts to resolve relator's motions, relator filed this mandamus proceeding less than six weeks later seeking to compel rulings by the trial court on thirteen motions. Nevertheless, in a continuing effort to respond to relator's numerous motions, the trial judge advised the parties by letter:

> Many of Plaintiff's motions and/or "requests" are of a more administrative nature versus requesting a substantive ruling. Many are of the type that are normally handled by a simple request and no order is ever issued, for example, Plaintiff's request to have the court reporter make a record of all proceedings.

The trial court then advised the parties of the rulings on a number of the motions identified by relator and set the remainder for hearing, issuing an order to the correctional facility where relator is housed requesting that relator be made available for a telephone hearing on his motions.

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

The trial court's rulings have rendered relator's petition moot with respect to a significant number of the motions that are the basis of his petition. A case becomes moot if a controversy ceases to exist. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (orig. proceeding) (stating that for controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought); *Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding) (court will not issue mandamus if it would be useless or unavailing). Based on the trial court's disposition of the vast majority of motions on which the relator has requested a hearing, a justiciable controversy no longer exists with respect to those motions.

As to the remainder of the motions, we cannot conclude the trial court has abused its discretion in failing to take action on the motions. A trial court abuses its discretion when it fails to rule on pretrial motions that have been properly presented to it within a reasonable time. *In re Amir-Sharif*, 357 S.W.3d 180, 181 (Tex. App.—Dallas 2012, orig. proceeding). A court is not, however, required to rule on a motion that has not been properly called to its attention. *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The duty to procure a hearing rests on the moving party, not upon the trial judge. *Bolton's Estate v. Coats*, 608 S.W.2d 722, 729 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.). Given the substantial quantity of motions filed in this case and the number of judges who have presided over the case, until relator specifically identified the motions on which he sought a hearing, the motions upon

—4—

which relator sought a ruling had not been properly called to the attention of the judge who assumed responsibility for the case on June 6, 2014.[5]

With regard to those motions on which relator has now specifically requested a hearing, relator has not shown the trial court has failed to take action within a reasonable time. No litigant is entitled to a hearing at whatever time he may choose. *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes*, 832 S.W.2d at 426. Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Chavez*, 62 S.W.3d at 228–29.

Nothing in the mandamus record in this case suggests the trial court has abused its discretion in failing to rule on relator's motions. Indeed, the record reflects the current trial judge has made a diligent effort to determine which motions filed by relator remain relevant and to rule on those motions. We **DENY** the petition.


_____
CRAIG STODDART
JUSTICE

141514F.P05

---

[5] Real party in interest points out that the majority of relator's motions lack a certificate of conference. Absent a certificate of conference the clerk of court may not set a motion for hearing. DALLAS (TEX.) CIV. DIST. CT. LOC. R. 2.07(a). Thus, even had relator specifically requested a hearing on these motions, they could not have been set for hearing.



Court of Appeals
Fifth District of Texas at Dallas
George L. Allen Sr. Courts Building
600 Commerce Street, Suite 200
Dallas, Texas 75202



MAR 2015
Received

CASE: 05-14-01514-CV
LAKEITH AMIR-SHARIF
#1505969
RAMSEY II PRISON UNIT
1200 FM 655
ROSHARON, TX 77583-8602

77583861199

N TEXAS
DALLAS 750
26 MAR '15
PM 8 L

March 31, 2015

Not Delivered Enf:

14.1.116

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.690
02 1P
0000856274    MAR 25 2015
MAILED FROM ZIP CODE 75201

September 04, 2015

Mr. Lakeith Amir-Sharif (#1505969)
Ramsey II Prison Unit
1200 FM 655
Rosharon, Tx 77583-8602

Attn: Lisa Matz, Clerk
Court of Appeals Fifth District
Of Texas At Dallas
600 Commerce Street
Dallas, Tx 75202-4606

RECEIVED IN
COURT OF APPEALS, 5th DIST.

SEP 22 2015

LISA MATZ
CLERK, 5th DISTRICT

RE: Petition For Writ of Mandamus; Trial
Court No. #DC-09-13818-J; In Re Amir-Sharif,
Relator

Clerk Matz:

    Enclosed for you to file And
bring to the immediate attention of the court is
(1.) Petition For Writ of Mandamus w/ Appendix Exhibits
Number 01-06.
(2.) Affidavit of Inability To Pay Costs of Appeal w/ Six (6)
Month TDCJ Account Statement Attached thereto.

    Thank you for your assistance.

Sincerely,
Lakeith Amir-Sharif

LAS/enclosures

cc: 191st District Court Dallas County & Judge Slaughter