In re Lakeith AMIR–SHARIF, Relator.

No. 05–11–01503–CV.

Court of Appeals of Texas, Dallas.

Jan. 4, 2012.

Lakeith Amir–Sharif, Rosharon, pro se.

Rande Herrell, John B. Worley, Atty. General–Child Support, Austin, Michael R. Casillas, Asst. District Attorney–Chief Prosecutor, Dallas, for Real Party in Interest.

## OPINION

Opinion by Justice MARTIN RICHTER.

Relator filed this mandamus proceeding complaining that the trial court has failed to rule on certain pre-trial motions he filed. We conclude the trial court abused its discretion in failing to rule on the motions and relator has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

This case involves a lawsuit seeking to establish a parent-child relationship. In 2009, the trial court entered a default judgment against relator. This Court reversed that judgment and remanded the case to the trial court after finding that relator had not been given proper notice of the hearing. Relator filed a number of motions in the trial court after remand, including a motion that the proceedings be conducted by video or telephone conference, a motion for the court reporter to make a full record of the proceedings, a motion for a name change of the minor child in question, a motion for production of documents, and several motions requesting the trial court to rule on his previous motions. In November, after several months of seeking rulings on his motions, relator filed this petition. The Court requested a response from respondent and real party in interest. The Office of the Attorney General then filed a motion to dismiss, claiming the trial court had set a hearing on the outstanding motions to be held on February 15, 2012. However, the documents attached to the motion to dismiss state that the February 15, 2012 setting is for a trial on the merits.

In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relator has met this burden. A trial court abuses its discretion when it fails to rule on pretrial motions that have been properly presented to it within a reasonable time. *See In re Davidson*, 153 S.W.3d 490, 491 (Tex.App.-Amarillo 2004, orig. proceeding); *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig. proceeding). Even assuming the trial court intends to rule on relator's motions at the February 15 trial, such a ruling would be insufficient where, as here, some of the motions must be decided prior to the trial date. For example, relator has requested to participate in the trial by video or telephone conference; this motion must be decided prior to trial.[1]

Accordingly, we conditionally grant the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to render an order or orders ruling on each of the pre-trial motions filed by relator. We deny relator's motion to compel a response from the trial court, his motion to stay, and his first and second motions for extension of time to file his reply brief. We also deny real party in interest's motion to dismiss.

---

1. We express no opinion on whether relator's motions should be granted or denied; that determination is within the trial court's discretion. "While this Court does not have the power in mandamus to compel a court to reach a result which necessarily involves the exercise of its discretion, we *do* have the power to order a trial judge to ... exercise his or her discretion." *Baluch v. Miller*, 774 S.W.2d 299, 302 (Tex.App.-Dallas 1989, orig. proceeding).