**Denied; and Opinion Filed September 17, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01110-CV

## IN RE ANN STOKLEY, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-03285**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Stoddart, and Whitehill
Opinion by Justice Stoddart

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to sign a written order on her special appearance, which the trial court orally denied on July 10, 2015, and rule on her motion for stay filed August 11, 2015. Relator states that she wishes to appeal the ruling on her special appearance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7).

A written order is necessary for a party to perfect appeal from a trial court's order because the appellate timetable runs from the date the judgment or order is signed. *See* TEX. R. APP. P. 26.1, *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). Neither an oral order nor a docket entry provides a substitute for a written order signed by the trial court. *Utilities Pipeline Co. v. Am. Petrofina Mktg.*, 760 S.W.2d 719, 723 (Tex. App.—

Dallas 1988, no writ); *see also Ex parte Rains,* 257 S.W. 217, 220 ( Tex. 1923); *In re Fuentes*, 960 S.W.2d 261, 264 (Tex. App.—Corpus Christi 1997, no pet.).

A trial court abuses its discretion when it fails to rule within a reasonable time on a pretrial motion that has been properly presented to it. *In re Amir–Sharif,* 357 S.W.3d 180, 181 (Tex. App.–Dallas 2012, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.– Houston [1st Dist.] 1992, orig. proceeding). Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *In re Chavez*, 62 S.W.3d 225, 228–229 (Tex. App.–Amarillo 2001, orig. proceeding). On the record before the Court, it does not appear at this time that the trial court has abused its discretion in failing to sign a written order memorializing its ruling on the special appearance or in failing to rule on the motion for stay.

We deny the petition.

151110F.P05

/Craig Stoddart/
CRAIG STODDART
JUSTICE

–2–