**DENY; and Opinion Filed October 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01190-CV

## IN RE W.O.H., Relator

### Original Proceeding from the 304th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. JD-25148-W

## MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on his "Motion to Rectify Jurisdiction of a Child and Proceed Through Texas Family Code § 54.02 w/ Motion for Bench Warrant," which the mandamus record shows was mailed on June 8, 2015 pursuant to the prison mailbox rule. The mandamus record further shows that relator mailed a letter to the district clerk on June 18, 2015 inquiring about the status of his motion.

A trial court abuses its discretion when it fails to rule on pretrial motions that have been properly presented to it within a reasonable time. *In re Amir–Sharif,* 357 S.W.3d 180, 181 (Tex. App.–Dallas 2012, orig. proceeding). A court is not, however, required to rule on a motion that has not been properly called to its attention. *In re Davidson,* 153 S.W.3d 490, 491 (Tex. App.– Amarillo 2004, orig. proceeding); *Metzger v. Sebek,* 892 S.W.2d 20, 49 (Tex. App.–Houston [1st Dist.] 1994, writ denied). The duty to procure a hearing rests on the moving party, not upon the

trial judge. *Bolton's Estate v. Coats,* 608 S.W.2d 722, 729 (Tex. Civ. App.–Tyler 1980, writ ref'd n.r.e.). Although relator has written to the district clerk to inquire about the status of his motion, there is no indication that the relator has attempted to obtain a setting of the motion or that he has indicated in any fashion that he wishes the matter decided without an oral hearing.

Moreover, the trial court is entitled to a reasonable time to act on the motion. No litigant is entitled to a hearing at whatever time he may choose. *In re Chavez,* 62 S.W.3d 225, 229 (Tex. App.–Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes,* 832 S.W.2d at 426. Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Chavez,* 62 S.W.3d at 228–29. Relator's petition does not address any of these factors.

Based on the record before the Court, we cannot conclude that the trial court has abused its discretion in failing to rule on relator's motion. We **DENY** the petition.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

151190F.P05

–2–