**Conditionally Granted and Opinion Filed October 12, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01135-CV

### IN RE: TEXAS HEALTH RESOURCES, Relator

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-02252**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Whitehill
Opinion by Justice Bridges

Before the Court is relator's September 26, 2016 petition for writ of mandamus in which relator asks the Court to grant a writ of mandamus directing the trial court to rule on relator's plea to the jurisdiction. The trial court took the plea under advisement as to certain claims on November 30, 2015. Relator has asked the trial court to rule on the plea, filed a motion for ruling, provided the trial court with supplemental briefing he requested, and set the motion for ruling for hearing. The trial court has rescheduled that hearing twice, and the plea is currently set to be heard on October 17, 2016, which is the day before a special trial setting.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re First Mercury Ins. Co.*, 13-13-00469-CV, 2013 WL 6056665, at *3 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008,

orig. proceeding). A plea to the jurisdiction concerns threshold issues regarding the trial court's subject matter jurisdiction over the case. *See In re First Mercury Ins. Co.*, 2013 WL 6056665, at *3. Jurisdictional determinations should be made "as soon as practicable." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *see also In re First Mercury Ins. Co.*, 2013 WL 6056665, at *3 (three-month delay in ruling on plea to the jurisdiction unreasonable and an abuse of discretion warranting extraordinary relief through mandamus).

Here, the trial court is aware of the plea and of THR's motion for ruling on the plea. The plea has been "under advisement" for nearly ten months and has, thus, been pending for a reasonable time. THR requested a ruling on the motion verbally and through a motion for ruling, and has attempted to schedule the motion for hearing. Those efforts have been thwarted by the trial court's refusal to rule, cancellation of scheduled hearings, and setting the hearing for the day before trial. A ruling the day before trial is insufficient and unreasonable because a plea to the jurisdiction should be heard and determined well before the trial date. *See, e.g. In re Amir-Sharif*, 357 S.W.3d 180, 181 (Tex. App.—Dallas 2012, no pet.) (conditionally granting writ of mandamus and holding that ruling on pre-trial motions the day of trial is insufficient as to motions that must be decided before trial, such as a motion to appear by telephone). Under these circumstances, THR has met the requirements for mandamus relief.

Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to render an order on THR's plea to the jurisdiction and notify counsel for all parties via e-mail or fax of the ruling **by 5:00 p.m. on October 13, 2016**. The writ will issue only if the trial court fails to issue the order and notify the parties as directed herein **by 5:00 p.m. October 13, 2016**. Since we assume the trial court will comply with this opinion, we direct our clerk not to issue the writ of mandamus unless information is received that the district court has not so complied.

Writ of mandamus conditionally granted.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

161135F.P05