**Opinion issued February 17, 2022**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-21-00685-CV

———————————

## IN RE JOYCE REECE AND ZACHARY PETTIT, Relators

———————————————————————————

### Original Proceeding on Petition for Writ of Mandamus

———————————————————————————

### MEMORANDUM OPINION

Relators, Joyce Reece and Zachary Pettit, have filed a petition for a writ of

mandamus asserting that the trial court abused its discretion by failing to rule on

relators' plea to the jurisdiction, filed on October 13, 2020 and set on the trial court's

submission docket for October 26, 2020.[1] Relators request that this Court issue a

---

[1] On January 7, 2021, relators filed a petition for writ of mandamus with this Court arguing that the trial court abused its discretion by: (1) failing to dismiss real party in interest's causes of action against relators because he lacked standing to assert those causes of action as next friend of Clarice A. Thomas and (2) entering an order

writ of mandamus "commanding [the trial court] to enter an order dismissing the . . . cause[s] of action" of real party in interest, Clarence Roy, "without prejudice, for want of subject-matter jurisdiction due to the lack of standing."

We conditionally grant in part, and deny in part, relators' petition for writ of mandamus.[2]

## Background

In his first amended petition, Roy, acting as next friend for Clarice A. Thomas, brought claims against relators for fraud, false imprisonment, conversion, theft, unjust enrichment, and civil conspiracy. According to Roy, Thomas "has been medically diagnosed with anxiety, depression, and mental retardation." Roy also states that Thomas lived with, and was cared for by, her grandmother, Dorothy Marie Smith, until the time of her death.

Upon Smith's death, Thomas moved into the home of relators, who were "verbally and physically" abusive to Thomas, "took possession of Thomas'[s] property and forced Thomas to remain in the [relators'] household against" her will.

---

disqualifying relators' counsel. We denied relators' petition for writ of mandamus on March 2, 2021. *See In re Reece*, No. 01-21-00014-CV, 2021 WL 785332, at *1 (Tex. App.—Houston [1st Dist.] Mar. 2, 2021, orig. proceeding) (mem. op.).

[2] The underlying case is *Clarence Roy as next friend of Clarice A. Thomas v. Zachary Pettit and Joyce Reece*, Cause No. 2017-49867, in the 281st District Court of Harris County, Texas, the Honorable Christine Weems presiding.

Roy further alleges that relators "coerced and threatened Thomas to sign documents transferring her property" to relators and "fraudulently notarized" those documents.

On October 13, 2020, relators filed a plea to the jurisdiction, arguing that the trial court lacks subject-matter jurisdiction over the Roy's suit because Roy "does not have the requisite standing to pursue this litigation" in the capacity "as next friend" of Thomas. According to relators, Roy lacks standing because Thomas "has never been declared mentally incompetent by a court exercising probate jurisdiction." The mandamus record reflects that on October 13, 2020, contemporaneously with the filing of their plea to the jurisdiction, relators filed a notice of submission, setting their plea to the jurisdiction on the trial court's October 26, 2020 submission docket.

On November 10, 2020, relators filed a "Request for a Ruling on [Relators'] Plea to the Jurisdiction," stating that their plea to the jurisdiction "was set for submission to the [trial court] without an oral hearing on October 26, 2020[] and said date has now passed" without a ruling from the trial court. On January 7, 2021, relators filed a petition for writ of mandamus with this Court, asserting, in part, that the trial court abused its discretion by failing to dismiss Roy's causes of action against relators for lack of standing. On March 2, 2021, the Court denied relators' January 7, 2021 petition for writ of mandamus.[3]

---

[3]     *See In re Reece*, 2021 WL 785332, at *1.

On September 29, 2021, relators filed a "Third Request for a Ruling on [Relators'] Plea to the Jurisdiction."[4]  Relators' third request stated that, as of September 29, 2021, the trial court had "not yet made a ruling" on their plea to the jurisdiction which was set on the trial court's submission docket approximately eleven months earlier.  On December 6, 2021, relators filed the current petition for writ of mandamus pending before this Court.  The mandamus record reflects that, as of the date the mandamus petition was filed, the trial court had yet to rule on relators' plea to the jurisdiction.  A response was requested by the Court, and on January 11, 2022, Roy filed a response to relators' mandamus petition.

## Standard of Review

Mandamus is an extraordinary remedy that is only available in limited circumstances.  *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).  Mandamus relief is only appropriate where the relator establishes that the trial court has abused its discretion or violated a legal duty, and the party has no adequate remedy by appeal.  *See id.*  A trial court abuses its discretion where "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law."  *Id.*; *see also In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003).

---

[4]  We note that while relators' September 29, 2021 filing is captioned a "Third Request for a Ruling" on their plea to the jurisdiction, the mandamus record does not include a "second" request for a ruling from the trial court on relators' plea to the jurisdiction.  For ease, we will refer to relators' September 29, 2021 filing as their "third request."

## Refusal to Rule

In a portion of their mandamus petition, relators argue that the trial court has abused its discretion in refusing to rule on their plea to the jurisdiction because "[m]andamus is available to compel a trial court to make a ruling within a reasonable time" and the plea to the jurisdiction was "properly presented to the trial court."

"[T]he need to consider and rule upon a motion is not a discretionary act." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). "A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the [trial court] to act." *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

To establish an abuse of discretion for failure to rule, relators must show that: (1) the trial court had a legal duty to rule on their plea to the jurisdiction, (2) relators made a demand for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d at 228. While a trial court "has a reasonable time within which to perform" its ministerial duty to rule on a properly filed motion or pleading, there is no "bright-line" rule regarding what constitutes a "reasonable time," and the determination is dependent on the circumstances of each case. *See id.* at 228–29; *see also In re Amir-Sharif*, 357 S.W.3d 180, 181 (Tex. App.—Dallas 2012, orig. proceeding).

Applying this standard to the circumstances here, the Court concludes that "reasonable time" has passed. The mandamus record reflects that relators filed their plea to the jurisdiction on October 13, 2020 and set it on the trial court's October 26, 2020 submission docket. On November 10, 2020, relators filed a request for a ruling with the trial court, noting that the October 26, 2020 submission date had passed without a ruling by the trial court.

After several more months passed without a ruling, relators filed their third request for ruling with the trial court on September 29, 2021. Despite this request, an additional two months passed without a ruling from the trial court, and on December 6, 2021, relators filed their petition for writ of mandamus with this Court. At the time of the filing of their mandamus petition, more than thirteen months had passed since relators filed their plea to the jurisdiction and initially set it on the trial court's submission docket.

Under these circumstances, we conclude that the trial court has abused its discretion by failing to perform its ministerial duty to rule on relators' plea to the jurisdiction despite multiple requests to do so. *See In re Harris Cty. Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.) (six months was unreasonable amount of time for trial court to fail to rule on plea to jurisdiction); *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 680 (Tex. App.—El Paso 2006, orig. proceeding)

6

(concluding trial court abused its discretion by failing to rule on motion to compel arbitration properly filed and pending for approximately six months).

To be entitled to mandamus relief, relators must also lack an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). While there is no "comprehensive definition," Texas courts have concluded that "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* at 136. This Court has previously held that a relator lacks an adequate remedy by appeal where a trial court refuses to rule on a pending motion. *See SMS Fin. XV, L.L.C.*, No, 01-19-00850-CV, 2020 WL 573247, at *2 n.4 (Tex. App–Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.). Thus, we conclude that relators in this case lack an adequate remedy by appeal.

We note that relators, in their mandamus petition, have requested that this Court "issue a [w]rit of [m]andamus commanding [the trial court] to enter an order dismissing [Roy's] cause[s] of action, without prejudice, for want of subject-matter jurisdiction due to lack of standing." Although we may direct the trial court to rule on relators' plea to the jurisdiction, we lack the authority to grant this specific relief requested by relators. *See In re Shredder*, 225 S.W.3d at 680 ("Although we have jurisdiction to direct the trial court to exercise its discretion in some manner, under no circumstances may we tell the trial court what its decision should be.").

## Conclusion

Accordingly, we conditionally grant relators' petition for writ of mandamus in part and direct the trial court to rule on relators' plea to the jurisdiction. However, because we lack jurisdiction to "tell the trial court" what its decision should be, we deny relators' mandamus petition to the extent that it requests that we command the trial court to dismiss real party in interest's causes of action against them. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion. All pending motions are dismissed as moot.

### PER CURIAM

Panel consists of Chief Justice Radack and Justices Countiss and Farris.