**CONDITIONAL GRANT IN PART AND DENIED IN PART and Opinion**
**Filed September 11, 2023**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-23-00425-CV

_____

## IN RE Z RESORTS MANAGEMENT, LLC; GIVENS-RECORDS DEVELOPMENT, LLC; PETER NICHOLAS JR.; AND BONNIE NICHOLAS ON BEHALF OF MINOR CHILDREN P.J.N. AND J.P.N., Relators

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-05235-A**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Pedersen, III

Two pairs of relators bring this original proceeding: Z Resorts Management, LLC and Givens-Records Development, LLC (together, the Hotel) and Peter Nicholas Jr. and Bonnie Nicholas (together, the Paternal Grandparents). The Hotel is a defendant in the suit below; the Paternal Grandparents intervened as plaintiffs to represent their young grandchildren, P.J.N. and J.P.N. (the Minor Children). Together, the Hotel and the Paternal Grandparents seek a writ of mandamus ordering the trial court: (1) to rule on the Hotel's Rule 12 Motion to Show Authority (the

Rule 12 Motion) and to vacate its earlier ruling concerning the capacity of Jojo Parguian (Parguian), the maternal grandfather of the Minor Children, to bring suit on their behalf; (2) to rule on the Rule 12 Motion and to vacate its earlier ruling concerning the capacity of Parguian to bring suit on behalf of the estate of his daughter; (3) to vacate its orders appointing guardians ad litem for the Minor Children; and (4) to rule on an additional five matters pending in the trial court. We grant relators' Joint Petition for Writ of Mandamus (the Petition) in part and the Hotel's Supplemental Petition for Writ of Mandamus (the Supplemental Petition); we conditionally grant the writ as explained below.

## Background

Jacqueline Nicholas (Jacqueline) was shot and killed in a hotel room she and her husband, Peter Nicholas III (Peter), had checked into earlier that day. The death was ruled a homicide, and Peter was charged with murder. Along with Peter, Jacqueline was survived by the Minor Children and her parents. She died intestate, and as of the filing of the Petition, no estate administration had been initiated. Before and after Jacqueline's death, the Minor Children have resided with the Paternal Grandparents.

### Early Proceedings

On August 23, 2019, Parguian filed suit against the Hotel and Peter for causing Jacqueline's death. He pleaded a wrongful death action on behalf of himself and the Minor Children and a survival action on behalf of Jacqueline's estate.

–2–

Specifically, he alleged claims against the Hotel for premises liability and against all defendants for negligence and gross negligence.[1]

The Hotel answered and filed a series of pleadings, culminating in its Amended Plea to the Jurisdiction (the Amended Plea). That Amended Plea challenged Parguian's capacity to bring claims on behalf of the Minor Children or Jacqueline's estate. The Hotel contended that the Paternal Grandparents were the Minor Children's legal guardians and, therefore, were the only ones legally able to bring suit on their behalf. And as to the estate's claims, the Hotel argued that Parguian was not an appointed administrator, a personal representative, or an heir of the estate. Parguian responded that the Hotel had not proved the Paternal Grandparents were in fact the legal guardians of the Minor Children. He alleged further that he had capacity (a) to bring suit on behalf of the Minor Children as their next friend because no legal guardians had been judicially appointed, and (b) to bring suit on behalf of the estate because the Minor Children are entitled to pursue the survival action but are unable to bring suit on their own. On May 17, 2021, the trial court denied the Hotel's Amended Plea.

Meanwhile, the Department of Family and Protective Services (the Department) initiated a suit affecting the parent–child relationship (the SAPCR) in the 305th District Court for the benefit of the Minor Children. On November 29,

---

[1] Peter answered the lawsuit, but he has played no part in this mandamus proceeding.

2021, the presiding judge in that case signed her order appointing the Paternal Grandparents Joint Managing Conservators of the Minor Children. That order stated that the Paternal Grandparents have the "sole and exclusive . . . right to represent the [Minor Children] in legal actions and to make other decisions of substantial legal significance concerning the [Minor Children]." The Paternal Grandparents then intervened as plaintiffs in the wrongful death and survival lawsuit in the County Court at Law No. 1. Their petition incorporated by reference and re-alleged the identical allegations and claims asserted in Parguian's Original Petition.

*The Rule 12 Motion*

On June 21, 2022, the Hotel filed its Rule 12 Motion to Show Authority (the Rule 12 Motion). The Rule 12 Motion reiterated that Parguian had not been judicially appointed to represent either the Minor Children or Jacqueline's estate. It referred to the SAPCR order giving the Paternal Grandparents "authority to hire attorneys and take other actions on behalf of the [Minor Children]" and represented that they had not hired Van Shaw, Parguian's counsel, to represent them. The Rule 12 Motion asked the trial court to require Shaw "to appear for hearing, and to show his authority to prosecute this lawsuit on behalf of the [Minor Children] and the Estate."

In response, Parguian contended that no legal guardian had been judicially appointed to represent the Minor Children, and he repeated his arguments that he

was a proper person to represent their claims. He asserted that he had hired Shaw to represent him, giving Shaw proper authority in this action.

In its reply, the Hotel stressed that counsel for Parguian was aware of the SAPCR order and aware that the order granted the Paternal Grandparents the sole and exclusive right to represent the minors in legal actions. The Hotel stated that it was submitting a copy of the SAPCR order in camera for the trial court's review.

The trial court began hearing the Rule 12 Motion on September 28, 2022. During the hearing, a dispute arose over whether and how Parguian should receive a copy of the SAPCR order. The court ruled that Parguian was entitled to receive and review a copy of the SAPCR order and that any confidentiality concerns should be addressed by the 305th District Court, which had issued the order. Accordingly, the court adjourned the hearing to allow the parties to go back to the 305th District Court to work out any appropriate arrangements, and the judge said she would reset the hearing after such time.

On December 16, 2022, the Hotel filed a letter with the trial court enclosing a redacted certified copy of the SAPCR order and requesting that the previously recessed hearing be set to resume. Between that date and May 9, 2023, the Hotel requested the hearing be resumed on multiple occasions, including at least three

letters filed with the court and directed to the court coordinator. The hearing has not continued, and the trial court has still not ruled on the Rule 12 Motion.[2]

*Appointment of Guardians ad Litem*

On April 19, 2023, the trial court sua sponte signed one order appointing Melodee Armstrong as the guardian ad litem "to represent the interests of minor child J.P.N.," and a second order appointing Carmen Mitchell as the guardian ad litem "to represent the interests of minor child P.J.N." The orders do not explain their bases or identify any particular purpose for the appointments.

The Hotel filed objections and a plea to the jurisdiction challenging the ad litem appointments. The Hotel contended that the 305th District Court maintained "continuing, exclusive jurisdiction regarding appointment of any person with authority to make legal decisions concerning the minor children." The Hotel also objected to the appointment orders because they failed in a number of ways to comply with rule 173, which governs the appointment of guardians ad litem. The Paternal Grandparents joined the Hotel's objections and plea.

On May 9, 2023, the Hotel filed a letter with the trial court requesting a hearing on the objections and plea; no hearings have been held or set, and the trial court has not otherwise ruled on the objections or the plea.

---

[2] On June 15, 2023, we ordered a stay of the July 24, 2023 trial date. No other proceedings were stayed by that order.

## Discussion

To be entitled to mandamus relief, a relator must show (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).[3]

In their Petition and Supplemental Petitions, relators raise five issues for our consideration. We address them in turn.

### *Abuse of Discretion*

Relators' Issue I:  The trial court abused its discretion in failing or refusing to require Van Shaw to show authority to prosecute this case on behalf of the Minor Children and denying the Hotel's challenge to Parguian's capacity to represent the Minor Children.

This issue is twofold:  challenging both a ruling and a failure to rule on the issue of capacity to represent the Minor Children. A minor does not have the legal capacity to employ an attorney or anyone else to watch over her interests. *Byrd v. Woodruff*, 891 S.W.2d 689, 704 (Tex. App.—Dallas 1994, writ dism'd). Minors "who have no legal guardian" may sue and be represented by a next friend. TEX. R. CIV. P. 44.

---

[3] As a threshold issue, Parguian argues that we lack jurisdiction to consider relators' petitions. He contends that relators have not established that they lack an adequate appellate remedy, and therefore, "they have not invoked the jurisdiction of this Court." However, the lack of an adequate appellate remedy is an element of establishing entitlement to mandamus relief, not a criteria for invoking the jurisdiction of this Court. Our mandamus jurisdiction is governed by statute, and we have jurisdiction to decide this proceeding. *See* TEX. GOV'T CODE ANN. § 22.221(b)(1).

In this case, Parguian has consistently contended that the Minor Children have no legal guardian, so he is a proper next friend for them. However, the record indicates that the Minor Children have had a series of persons empowered to serve as their legal guardians. Before Jacqueline's death, both married parents had the right to make legal decisions on behalf of their children as their natural guardians. *See In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 572 n.9 (Tex. 2015) (orig. proceeding) ("A parent thus typically qualifies as a legal guardian for purposes of Rule 44, and his minor child may not sue by next friend.").[4] After Jacqueline's death, Peter retained the right to make legal decisions for his children unless and until such right was limited or removed by an appropriate court order. *See id.* When the Department filed the SAPCR and was initially appointed temporary managing conservator of the Minor Children, the Department held the right to make legal decisions for them. TEX. FAM. CODE ANN. § 105.001(a)(1) (temporary appointment), § 153.371(8) (rights of nonparent managing conservator include right to represent child in legal action and to make decisions of substantial legal significance concerning child). And when the 305th District Court signed its SAPCR order, the

---

[4] While the rules of civil procedure and the Texas Family Code do not define "legal guardian" as the term is used in rule 44, *Bridgestone* instructs that the term requires authority to sue on behalf of the minor in Texas. 459 S.W.3d at 570.

Paternal Grandparents were given the exclusive right to represent and to make legal decisions on behalf of the Minor Children. *Id.* § 153.371(8).[5]

At all times, then, the Minor Children had and have a legal guardian—either a natural parent or someone appointed by court order—who had and have the right to make legal decisions on their behalf. Accordingly, rule 44 could not provide authority for Parguian's bringing or maintaining suit as their next friend. The trial court clearly abused its discretion when it denied the Hotel's Amended Plea.[6]

Because rule 44 does not support Parguian's capacity to represent the Minor Children's interests in this case, the relators' Rule 12 Motion was an appropriate procedural tool to help identify the proper representative. Both this Court and the Texas Supreme Court have used the rule to challenge the capacity of a next friend to prosecute a case on behalf of a minor. *See Urbish v. 127th Jud. Dist. Ct.*, 708 S.W.2d 429, 432 (Tex. 1986) (orig. proceeding) (reviewing a trial court's ruling on a motion to show authority challenging a next friend's authority to represent a minor

---

[5] Parguian argues that the SAPCR order is void for lack of notice to him. That order confirms that the SAPCR proceeding was initiated by the Department's Original Petition. *See* FAM. § 102.003(6) (original suit may be filed by Department). Chapter 102 lists those persons who are entitled to service of citation on the filing of a SAPCR suit. *See id.* § 102.009. Among those listed are a managing or possessory conservator, a person having possession of or access to the child under an order, a person who was required by law to provide support for the minors, a guardian of the person or estate of the child, or a prospective adoptive parent to whom standing had been conferred by a parent. *See id.* Grandparents are not among those listed. *See id.* Parguian has not shown a statutory basis for a claim that he or his attorney were entitled to notice of the SAPCR suit. Accordingly, we reject his argument that the SAPCR order is void.

[6] The Hotel's Amended Plea sought dismissal of all claims brought on behalf of the Minor Children and the estate. Relators do not seek that relief in this Court. Given the pendency of the Rule 12 Motion, discussed *infra*, and the intervention of the Paternal Grandparents who plead those same claims, we conclude that dismissal of any claims in this mandamus proceeding would be inappropriate.

–9–

plaintiff); *In re B.E.A.R.*, No. 05-02-01493-CV, 2003 WL 21544507, at *1–2 (Tex. App.—Dallas July 10, 2003, no pet.) (mem. op.) (reviewing a trial court's ruling on a motion to show authority challenging someone's acting as both next friend and attorney of a minor).

Parguian argues that the Rule 12 Motion serves only to relitigate the trial court's earlier ruling on the Amended Plea. Because both rulings address Parguian's capacity to represent the Minor Children, we agree that some questions could overlap. But other questions will be new to the issue. The trial court will now have the SAPCR order and the intervening Paternal Grandparents before it when making the capacity decision. Moreover, even if circumstances had not evolved with the signing of the SAPCR order and the intervention of the Paternal Grandparents, the trial court always retained its plenary power to change its capacity ruling. *See In re Panchakarla*, 602 S.W.3d 536, 539–40 (Tex. 2020) (orig. proceeding) (citing *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (trial court retains continuing control over its interlocutory orders and has power to set orders aside any time before final judgment entered)). Accordingly, requiring the trial court to rule on the Rule 12 Motion is not an empty or redundant directive.

Consideration of a motion that is properly filed and before the court is a ministerial act. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.) (citing *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding)). A trial judge is afforded a reasonable

time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Rangel*, 570 S.W.3d 968, 969 (Tex. App.—Waco 2019, orig. proceeding) (citing *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding)). To obtain mandamus relief on a failure to rule, a relator must establish that the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so. *In re Prado*, 522 S.W.3d at 2.

Here, the Hotel filed its Rule 12 Motion on June 21, 2022. The trial court started to hear the motion on September 28, 2022, but adjourned the hearing before any substantive arguments or rulings were made so that all parties could receive a copy of the SAPCR order at issue. On December 16, 2022, the Hotel notified the court that the SAPCR issue had been resolved and requested to resume the hearing. Since that time, the Hotel has repeatedly requested a hearing date from the court. Although the Hotel did not specifically request a ruling on the motion, a hearing on the motion was a necessary prerequisite. *See* TEX. R. CIV. P. 12. Because the Hotel had been seeking a hearing for nearly six months with a trial date looming, we conclude that the trial court failed to rule on the motion within a reasonable time despite its legal duty to do so; that was a clear abuse of the court's discretion.

<u>Relators' Issue II</u>:  The trial court abused its discretion in failing or refusing to require Van Shaw to show authority to prosecute this case on behalf of the Estate of Jacqueline Nicholas, and abused its discretion in denying relators' challenge to Parguian's capacity to represent the Estate.

As the first issue did, this second issue asks interwoven questions concerning a trial court's ruling and a failure to rule. Here, the issue is whether Parguian is a proper person to sue the Hotel and Peter on behalf of Jacqueline's estate. The Hotel and Paternal Grandparents argue that the trial court abused its discretion in denying the Amended Plea and refusing to rule on the Rule 12 Motion as those pleadings relate to representation of the estate. Parguian contends that the Minor Children have an interest in their mother's estate but cannot themselves sue, so he is a proper person to sue on their behalf. To the extent that Parguian claims a right to sue on behalf of the Minor Children, we have rejected his argument. *See* TEX. R. CIV. P. 44.

To the extent that Parguian purports to sue on behalf of the estate itself, the law is settled. A decedent's estate is not a legal entity; it may not properly sue or be sued as such. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). Generally, only the estate's personal representative has the capacity to bring a survival claim. *Id.* at 850. The record establishes that Parguian had not been appointed as a personal representative of Jacqueline's estate at the time the court ruled on the Amended Plea. Under certain circumstances, the decedent's heirs may be entitled to sue on behalf of her estate. *Id.* But Parguian is not Jacqueline's heir at law either:  the only possible heirs to Jacqueline's estate are Peter, as her surviving

–12–

spouse, and the Minor Children. *See* TEX. EST. CODE ANN. §§ 201.002, 201.003. We conclude, then, that the trial court clearly abused its discretion when it denied the Amended Plea's challenge to Parguian's capacity to bring the survival action in this case.

For the same reasons discussed above, we conclude that the trial court also clearly abused its discretion by failing to rule on this portion of the Rule 12 Motion.

<u>Relators' Issue III</u>:  The trial court abused its discretion when it appointed guardians ad litem for the minor children, because the Family Court has dominant jurisdiction regarding such appointments for these children, and in the alternative, the appointments do not comply with applicable rules.

Parguian argues that relators failed to preserve any complaint regarding the appointment of guardians ad litem because the Hotel filed its objections in trial court mere hours before filing its mandamus petition and because the Paternal Grandparents did not file their objection until after filing the mandamus petition. We agree that the trial court should have the first opportunity to rule on the objections. Accordingly, we overrule relators' third issue, and we include their objections in our discussion below of matters that the trial court has yet to rule upon.

<u>The Hotel's Issue V</u>:  The trial court has abused its discretion in failing or refusing to hear and decide important pre-trial issues.[7]

In its Supplemental Petition, the Hotel contends the trial court has abused its discretion by failing to rule on five additional matters that have been pending before the trial court for more than a reasonable length of time. As we discussed above when considering the Rule 12 Motion, a trial court's consideration of a motion that is properly filed and before the court is a ministerial act. *In re Prado*, 522 S.W.3d at 2. A court does not abuse its discretion unless it was asked to rule on the pending matter and failed to do so in a reasonable time. *Id.*

The Hotel represents that the following matters were filed between June 2022 and May 2023. It has submitted evidence showing that it requested hearings and rulings on these matters multiple times, as the chart below relates.

| Pending Matter | Date Filed | Requests for Hearing/Ruling |
|---|---|---|
| Hotel's *No-Evidence Motion for Summary Judgment* | 06.10.22 | 02.22.23 05.09.23 06.28.23 |
| Dallas County Criminal District Attorney's *Motion for Protective Order and Objections to Subpoena and Notice of Intention to Take Deposition by Written Questions* | 01.03.23 | 02.22.23 05.09.23 06.28.23 |

---

[7] We address this issue out of order because it addresses the Hotel's Supplemental Petition claim of abuse of discretion.

–14–

| | | |
|---|---|---|
| Dallas Police Department's *Motion for In Camera Review* | 01.12.23 | 02.22.23 05.09.23 06.28.23 |
| Hotel's *Motion to Exclude Craig Rigtrup as an Expert Witness* | 04.11.23 | 04.14.23 04.18.23 04.21.23 06.28.23 |
| Hotel's and Paternal Grandparents' *Objections and Plea in Abatement as to Orders Appointing Guardians ad Litem* | 05.05 and 05.08.23 | 05.09.23 06.28.23 |

When this original proceeding was filed, trial was set in this case for July 24, 2023. Each of these pending matters relates to a matter—whether substantive, procedural, or evidentiary—that must be resolved well before the beginning of trial. Two of the matters involve motions by non-parties, whose interests in this case must be protected by the trial court. "While trial judges have broad discretion to manage their dockets and conduct business in their courtrooms, this discretion is not unlimited." *In re Reiss*, No. 05-20-00708-CV, 2020 WL 6073881, at *3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op.) (citing *Clanton v. Clark*, 639 S.W.2d 929, 930–31 (Tex. 1982)). We conclude that these matters were properly filed, they have been pending a reasonable time given the circumstances of this case, relators requested rulings on the matters, and the trial court has failed to rule. Accordingly, we conclude the trial court has clearly abused its discretion in failing to rule on these matters.

–15–

Relators' Issue IV:  Relators do not have an adequate remedy by appeal.

To be entitled to mandamus relief, a relator must establish that it has no adequate remedy by appeal. *In re Prudential*, 148 S.W.3d at 135–36. The adequacy of an appellate remedy is determined by balancing the benefits and detriments of mandamus. *In re McAllen Med. Ctr.,* 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).  We have determined that the trial court abused its discretion in two areas; we address each in terms of the adequacy of relators' remedy on appeal.

First, we concluded that the trial court abused its discretion in denying the Amended Plea's challenge to Parguian's capacity to represent the Minor Children and Jacqueline's estate in this case. The Texas Supreme Court has stated that mandamus is appropriate, *inter alia*, "to preserve important substantive and procedural rights from impairment or loss" and "to spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential*, 148 S.W.3d at 136. The Minor Children have the right to be represented by a party authorized by law to do so, and mandamus is appropriate if a minor's representative lacks capacity. *See In re Bridgestone*, 459 S.W.3d at 577 (conditionally granting petition for writ of mandamus and ordering trial court to vacate order denying motion to dismiss when minors represented by persons without authority to sue on their behalf in Texas). The alternative to mandamus is for this litigation to proceed with an unauthorized representative or

with two parties claiming to be representatives of the Minor Children. We conclude that either option would confuse and skew proceedings so as to make any subsequent remedy by appeal inadequate. *See In re Salazar*, 315 S.W.3d 279, 287 (Tex. App.—Fort Worth 2010, orig. proceeding) (granting mandamus relief "because the failure to correct the trial court's abuse of discretion would 'so skew[ ] the litigation process that any subsequent remedy by appeal [would be] inadequate.'" (quoting *Travelers Indem. Co. of Conn. v. Mayfield,* 923 S.W.2d 590, 595 (Tex. 1996))).

We have also concluded that the trial court clearly abused its discretion in failing to rule on the Rule 12 Motion. Parguian relies on cases showing that rulings on rule 12 motions can have adequate appellate remedies, so mandamus relief is not always appropriate. However, relators' Petition is based on the trial court's failure to rule, and they lack an adequate remedy by appeal from the trial court's refusal to rule on the pending motion. *See In re Freeport LNG, LLC*, No. 01-21-00701-CV, 2022 WL 2251649, at *3 (Tex. App.—Houston [1st Dist.] June 23, 2022, orig. proceeding) (per curiam) (mem. op.). Similarly, relators have no adequate remedy on appeal for the trial court's failure to rule on the other matters pending before it. *See id.*; *see also In re Amir-Sharif*, 357 S.W.3d 180, 181 (Tex. App.—Dallas 2012, orig. proceeding) (mandamus appropriate when pending matters must fairly be decided before trial).

## Conclusion

We conditionally grant relators' Petition in part and the Hotel's Supplemental Petition. We direct the trial court within thirty (30) days of this opinion:

(1)     to vacate its May 17, 2021 order denying the Hotel's Amended Plea to the Jurisdiction;  and

(2)     to hear and to rule on these pending matters:

- Hotel's and Paternal Grandparents' *Rule 12 Motion To Show Authority*

- Hotel's *No-Evidence Motion for Summary Judgment*

- Dallas County Criminal District Attorney's *Motion for Protective Order and Objections to Subpoena and Notice of Intention to Take Deposition by Written Questions*

- Dallas Police Department's *Motion for In Camera Review*

- Hotel's *Motion to Exclude Craig Rigtrup as an Expert Witness*

- Hotel's and Paternal Grandparents' *Objections and Plea in Abatement as to Orders Appointing Guardians ad Litem*

All other relief sought by relators is denied. We are confident the trial court will promptly comply with our Order of this date. Our writ will issue only if it fails to do so. When the trial court has confirmed compliance with our Order, we will issue an order lifting the stay of trial.

/Bill Pedersen, III//
230425f.p05                               BILL PEDERSEN, III
                                          JUSTICE