**Opinion issued December 28, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00708-CV**

———————————

**IN RE OXYVINYLS, LP, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, OxyVinyls, LP ("Oxy"), has filed a petition for a writ of mandamus asserting that the trial court failed to perform a ministerial duty by refusing to rule on Oxy's Motion to Compel Arbitration, filed on April 18, 2023, and set on the trial court's submission docket for June 5, 2023.[1] Oxy's mandamus petition requests that

---

[1] In its mandamus petition, Oxy stated that it sought an oral hearing date from the trial court. However, Oxy was "informed that the first available oral hearing date was August 23, 2023." Oxy therefore filed an "Emergency Request for Oral Hearing," asserting that the first available hearing date, August 23, 2023 "would

this Court issue a writ of mandamus "order[ing] the trial court to rule, without delay, on Oxy's pending Motion to Compel Arbitration."

This Court requested a response to Oxy's petition for writ of mandamus, and on October 30, 2023, real party in interest, Kevin A. Williams, filed a response to the mandamus petition.

We conditionally grant Oxy's petition for writ of mandamus.[2]

## Background

On February 14, 2022, Williams initiated the underlying lawsuit against Oxy. In the lawsuit, Williams alleged tort claims against Oxy arising out of an incident which occurred while Williams was performing maintenance services at a facility owned and operated by Oxy in Pasadena, Texas. At the time of the alleged incident, Williams was employed by Turner Industries Group, L.L.C. ("Turner Industries"), a non-party to the underlying lawsuit. According to the mandamus petition, Turner Industries is a customer and independent contractor of Oxy.

On February 22, 2022, the trial court entered a docket control order setting the following relevant deadlines: an August 14, 2023 deadline for Williams to designate

---

pose problems given the deadlines" then pending pursuant to the trial court's docket control order, and further, because "under Texas law, [trial] courts are supposed to decide motions to compel arbitration expeditiously."

[2] The underlying case is *Kevin A. Williams v. OxyVinyls, LP*, Cause No. 2022-09148, in the 164th District Court of Harris County, Texas, the Honorable C. Elliot Thornton presiding.

expert witnesses; a September 14, 2023 deadline for Oxy to designate expert witnesses; and an October 13, 2023 deadline for the completion of discovery and for amendments to pleadings. Finally, the trial court's docket control order set the case on the two-week trial docket beginning November 13, 2023.

On March 14, 2022, Oxy filed its answer to the original petition, and the parties proceeded to participate in written discovery. As a part of discovery, on October 11, 2022, Oxy served a deposition on written questions and subpoena requesting that Williams' employer, Turner Industries, produce Williams' employee file. In February 2023, Turner Industries responded to the Oxy subpoena and produced Williams' employee file.

Williams' employee file included a "Dispute Resolution Agreement," which Williams entered into with Turner Industries as a part of his employment. The Dispute Resolution Agreement provided, in relevant part, that "[b]oth [Williams] and Company agree[d] to resolve any and all claims, disputes or controversies arising out of or relating to [Williams'] employment with the Company exclusively by binding arbitration to be administered by the American Arbitration Association." The Dispute Resolution Agreement defined the term "Company" as any "parent, subsidiary and related companies, specifically including Turner Industries Group, L.L.C., Turner Specialty Services, L.L.C., Turner Industrial Maintenance, L.L.C., and any of their subsidiary companies, related companies, customers, employee

3

benefit plans and alleged joint employers or any other individual or corporate co-respondents or defendants."

Concluding that it was a "customer" of Turner Industries pursuant to the definition provided by the Dispute Resolution Agreement, Oxy sought to enforce this arbitration provision. In furtherance of that effort, on April 18, 2023, Oxy filed its "Motion to Compel Arbitration." In the Motion to Compel Arbitration, Oxy argued that the plain, unambiguous language of the Dispute Resolution Agreement, which it only learned about when Turner Industries produced Williams' employee file in response to a subpoena, required Williams to arbitrate all claims, including "common law or tort claims" arising out of or relating to his employment with Turner Industries. Oxy further argued that it was entitled to invoke the arbitration provision of the Dispute Resolution Agreement because it was a "customer" of Turner Industries.

On May 15, 2023, Oxy filed, in the trial court, an "Emergency Request for Oral Hearing." In its emergency request, Oxy stated that it sought "an emergency hearing to seek a ruling on a time-sensitive [m]otion," namely, the Motion to Compel Arbitration. However, Oxy was advised that the trial court's "first available hearing" date was August 23, 2023, four months after the motion was filed.

Oxy asserted that, given the pending deadlines set by the trial court's docket control order, "waiting until August 23, 2023 for a ruling on" the Motion to Compel

4

Arbitration would require the "parties [to] expend significant resources . . . which would negate the overall intent and effect" of the arbitration provision included in the Dispute Resolution Agreement. On May 18, 2023, the trial court entered an order denying Oxy's request for an emergency hearing. On May 23, 2023, in response to the trial court's denial of its request for a hearing date prior to August 23, 2023, Oxy set its Motion to Compel Arbitration on the trial court's submission docket for June 5, 2023.

On June 30, 2023, the trial court entered two orders, both related to discovery matters, and both requiring Oxy to produce witnesses for their depositions within forty-five days of the date of the orders. However, despite being set on the trial court's submission docket for June 5, 2023, the trial court did not rule on Oxy's Motion to Compel Arbitration.

On August 16, 2023, Oxy sent a letter to the trial court regarding the Motion to Compel Arbitration. In the letter, Oxy stated that the Motion to Compel Arbitration had been set on the trial court's June 5, 2023 submission docket, "which was 72 days" prior to the date of the letter. Oxy further noted that the trial setting was November 13, 2023, "less than 90 days from" the date of the letter, and that Oxy's expert designation deadline was "less than 30 days from" the date of the letter. And although the Motion to Compel Arbitration had been "fully briefed" and each party had "filed proposed orders," the trial court had not yet ruled on the motion.

5

Oxy concluded its letter by requesting that the trial court "issue an order granting" the Motion to Compel Arbitration.

On September 5, 2023, because the trial court had not yet issued a ruling on the Motion to Compel Arbitration, Oxy sent another letter to the trial court. In its September 5, 2023 letter, Oxy reasserted its request that the trial court "rule promptly on its Motion to Compel Arbitration," again noting that there were several imminent docket deadlines. Williams filed a letter with the trial court in response to Oxy's September 5, 2023 letter, stating that Oxy's Motion to Compel Arbitration was "baseless" and Oxy had "failed to raise its meritless defense" that the case was subject to arbitration "for more than a year."

On October 2, 2023, Oxy filed its mandamus petition, noting that, since it filed its Motion to Compel Arbitration, "the trial court ha[d] ordered Oxy, over Oxy's objections, to present two of its witnesses for deposition, and [Williams] ha[d] moved to compel Oxy to present two additional witnesses for depositions—and to sanction Oxy for not agreeing to present those witnesses for depositions." Yet, Oxy continued, despite multiple requests, the trial court had not ruled on Oxy's Motion to Compel Arbitration. At the time the mandamus petition was filed, approximately six months after the Motion to Compel Arbitration was filed, and less than forty-five days from the November 13, 2023 trial setting, the trial court had not ruled on Oxy's Motion to Compel Arbitration. Accordingly, Oxy sought mandamus relief and

requested that "this Court . . . order the trial court to rule without delay on Oxy's Motion to Compel Arbitration."

In connection with its mandamus petition, Oxy also filed a "Motion for Temporary Relief and Stay of Trial Court Proceedings." In its Motion for Temporary Relief, Oxy requested a "stay of all trial court proceedings" pending the Court's review of the mandamus petition. On October 10, 2023, the Court granted, in part, Oxy's Motion for Temporary Relief. Notably, the Court did not "stay all trial court proceedings" as requested by Oxy, and instead stayed only the "November 13, 2023 trial setting and all discovery" pending the Court's disposition of Oxy's mandamus petition. In our October 10, 2023 order, the Court also requested that Williams file a response to the mandamus petition. Williams filed a response to the mandamus petition on October 30, 2023.

On November 2, 2023, Oxy filed a reply in support of its mandamus petition. In its reply, Oxy advised this Court that, on October 20, 2023, "the trial court [had] emailed the parties informing them" that the trial court "would like to set [Oxy's] Motion to Compel [Arbitration]" for an oral hearing. The oral hearing was eventually set for November 8, 2023. On November 9, 2023, Oxy filed a letter to notify this Court that the parties appeared for the hearing, as requested by the trial court, but that the trial court did not consider the merits of Oxy's Motion to Compel

Arbitration. According to Oxy, "the trial court stated that the case was stayed," and there was "no ruling by the trial court."

On November 16, 2023, the Court issued an "Order of Clarification." In our November 16, 2023 order, the Court advised all parties that our October 10, 2023 order, which granted Oxy's Motion for Temporary Relief in part, "stayed the November 13, 2023 trial setting, and further stayed any additional discovery pending this Court's resolution of relator's mandamus petition." However, "nothing in our October 10, 2023 [o]rder stayed any other proceedings in the trial court." The November 16, 2023 order went on to state that "[s]pecifically, nothing in our October 10, 2023 [o]rder would prevent, or otherwise limit, the trial court from considering the merits of, and ruling on," Oxy's Motion to Compel Arbitration.

The mandamus record further reflects that, as of November 9, 2023, the date of Oxy's letter to this Court regarding the November 8, 2023 oral hearing, the trial court had yet to rule on Oxy's Motion to Compel Arbitration.

**Standard of Review**

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus relief is only appropriate where the relator establishes that the trial court has abused its discretion or violated a legal duty imposed by law, and the party has no adequate remedy by appeal. *See id.*; *see also In re Ford Motor Co.*, 165 S.W.3d

315, 317 (Tex. 2005); *In re Baylor College of Med.*, Nos. 01-19-00105-CV, 01-19-00142-CV, 2019 WL 3418504, at *2 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.).

## Analysis

"A trial judge has a legal, nondiscretionary duty to consider and rule on properly filed motions within a reasonable time." *In re Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00201-CV, 2019 WL 3418567, at *1 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (quoting *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding)). And where a trial court fails to comply that that nondiscretionary, ministerial duty, "mandamus may issue to compel the [trial court] to act." *See In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *see also In re Baylor Coll. of Med.*, 2019 WL 3418504, at *2.

To establish an abuse of discretion for failure to perform a ministerial duty, Oxy must show that: (1) the trial court had a legal duty to rule on its Motion to Compel Arbitration, (2) Oxy made a demand for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Baylor Coll. of Med.*, 2019 WL 3418504, at *2; *see also O'Connor v. First Court of Appeals*, 838 S.W.2d 94, 97 (Tex. 1992). While a trial court "has a reasonable time within which to perform" its ministerial duty to rule on a properly filed motion, there is no

9

"bright-line" rule regarding what constitutes a "reasonable time," and the determination is dependent on the circumstances of each case. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2002, orig. proceeding); *In re Amir-Sharif*, 357 S.W.3d 180, 181 (Tex. App.—Dallas 2012, orig. proceeding).

Applying this standard to the facts presented here, the Court concludes that a "reasonable time" has passed. The mandamus record reflects that Oxy filed its Motion to Compel Arbitration on April 18, 2023, and set it for submission on the trial court's June 5, 2023 submission docket. When the trial court had not ruled, Oxy filed letters with the trial court on August 16, 2023 and September 5, 2023, requesting that the trial court rule on the Motion to Compel Arbitration and noting that the case was set for trial on the trial court's two-week docket beginning November 13, 2023.

Despite these requests, the trial court did not rule on Oxy's Motion to Compel Arbitration. Accordingly, on October 2, 2023, Oxy filed its mandamus petition. After a response was filed by Williams, on November 2, 2023, Oxy filed a reply in support of its mandamus petition. Notably, in its reply, Oxy advised the Court that the trial court had requested that the parties appear for an oral hearing on the Motion to Compel Arbitration. The mandamus record reflects that on November 8, 2023, the parties appeared before the trial court. But the trial court still did not rule on the Motion to Compel Arbitration, and, according to Oxy, "stated that the case was

stayed" pursuant to this Court's October 10, 2023 order granting, in part, Oxy's Motion for Temporary Relief.

On November 16, 2023, we issued an order clarifying that our October 10, 2023 order granted only a limited stay of trial court proceedings. Specifically, our October 10, 2023 order stayed the November 13, 2023 trial setting and discovery pending our review Oxy's petition for writ of mandamus. However, "nothing in our October 10, 2023 [o]rder . . . prevent[ed], or otherwise limit[ed], the trial court from considering the merits of, and ruling on," Oxy's Motion to Compel Arbitration. The mandamus record before this Court reflects that the trial court still has not ruled on Oxy's Motion to Compel Arbitration, approximately seven months after it was filed, and five months after it was set on the trial court's submission docket.

Texas trial courts are obligated to consider and resolve motions to compel arbitration "without delay." *See In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009) (concluding trial court abused its discretion by ordering discovery rather than ruling on motion to compel arbitration); *see also In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 923 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (concluding trial courts are mandated to "decide the issues" presented on motion to compel arbitration "summarily," which "connote[s] acting quickly, [and] without delay"). Accordingly, we conclude, under the facts presented here, that "reasonable time" has passed, and the trial court has abused its discretion by failing to perform

11

its ministerial duty to rule on Oxy's Motion to Compel Arbitration despite multiple requests to do so. *See In re Harris Cnty. Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *2–3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.) (six months was unreasonable amount of time for trial court to fail to rule on plea to jurisdiction); *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679–80 (Tex. App.—El Paso 2006, orig. proceeding) (concluding trial court abused its discretion by failing to rule on motion to compel arbitration properly filed and pending for approximately six months).

To be entitled to mandamus relief, a relator must also lack an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). While there is no "comprehensive definition," Texas courts have concluded that "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* at 136. This Court has previously concluded that a relator lacks an adequate remedy by appeal where a trial court refuses to rule on a pending motion. *See SMS Fin. XV, L.L.C.*, No, 01-19-00850-CV, 2020 WL 573247, at *2 n.4 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (mem. op.). Accordingly, we conclude that Oxy lacks an adequate remedy on appeal from the trial court's failure to rule on its Motion to Compel Arbitration.

It is important to note that we offer no opinion on the merits of Oxy's Motion to Compel Arbitration, nor would it be appropriate for the Court to do so. *See In re*

*Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the [trial] court what that decision should be."); *see also In re Shredder*, 225 S.W.3d at 679 ("Although we have jurisdiction to direct the trial court to exercise its discretion in some manner, under no circumstances may we tell the trial court what its decision should be."). Our only purpose is to consider whether the trial court had a ministerial duty to rule on Oxy's Motion to Compel Arbitration, and if so, whether the trial court failed to perform its ministerial duty within a reasonable time under the circumstances of the case. If both questions are answered in the affirmative, then mandamus relief is appropriate.

We conclude that Oxy's Motion to Compel Arbitration was properly pending before the trial court, and further that Oxy had made multiple requests for the trial court to rule. Accordingly, the trial court had a ministerial duty to rule on the Motion to Compel Arbitration within a reasonable time under the circumstances of the case. We further conclude that a reasonable amount of time has passed since Oxy filed its Motion to Compel Arbitration, and the trial court's failure to rule therefore amounts to an abuse of discretion, for which Oxy lacks an adequate remedy by appeal.

## Conclusion

Accordingly, we lift the partial stay imposed by our October 10, 2023 order and conditionally grant Oxy's petition for writ of mandamus and direct the trial court

to rule on Oxy's Motion to Compel Arbitration, filed on April 18, 2023 and set on the trial court's June 5, 2023 submission docket. We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion. All pending motions are dismissed as moot.

April Farris
Justice

Panel consists of Justices Countiss, Guerra, and Farris.

14